In the Matter of the Claim of JOHN HEATER, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.

Third Department, January 9, 1946.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Otto W. G. Marquard* and *Francis R. Curran, Assistant Attorneys-General* of counsel), for appellant.

No appearance for respondent.

FOSTER, J. This is an appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board which held that claimant's refusal of an offer of employment was with good cause. A referee's decision had denied benefits to claimant upon the ground that he had refused without good cause an offer of employment for which he was reasonably fitted by training and experience.

Claimant, who resides in the Riverdale section of the Bronx, was offered a position as a salesman of bottled beer at a salary of $45 a week, plus $18 a week for car expense. In the first instance claimant refused this employment because the salary was only $45 a week and he wanted at least $65. Later, and at a hearing, he added the fact that the prospective employer was located in Brooklyn to justify his refusal.

Claimant's last employment for ten months before the period claimed for was as a salesman of draught beer. He received in this employment $50 a week, plus $15 a week for car expense. Prior to this he worked for two years as a draught beer salesman for Anheuser-Busch at a salary of $185 a month. Before that he worked as a ginger ale salesman for ten years at a salary of $40 a week, plus commissions, and his employer furnished an automobile for his transportation.

The Board has found as a fact that a salesman of draught beer requires a higher degree of knowledge and skill than does a salesman of bottled beer. We are unable to appreciate this

esoteric distinction, but, since there is some evidence to support it and we deal only with questions of law on appeals of this character, we may not disturb it. (Labor Law, § 624.) There is however nothing in the statute to justify the decision of the Board based in part on such a distinction.

The Board based its entire decision upon three propositions: That claimant's possession of a higher degree of skill justified refusal of a job requiring some lower skill; that claimant should have been allowed at least thirty days of benefits before being compelled to take a job; and that a salary difference of 10% between the offered employment and claimant's last employment also justified the refusal.

We find nothing in the law which authorizes these conclusions to be drawn from the conceded facts. Subdivision 2 of section 593 of the Unemployment Insurance Law (Labor Law, art. 18) provides: '' No benefits shall be payable to any claimant who without good cause refuses to accept an offer of employment for which he is reasonably fitted by training and experience, including employments not subject to this article.'' The very wording of this opening sentence precludes the theory that a claimant may refuse employment simply on the basis that it involves some smaller degree of skill than his last employment. The Unemployment Insurance Law was never intended as a guarantee that a claimant might always obtain benefits unless he was offered employment at precisely the same level of skill at which he was last employed. The only obligation imposed, insofar as this phase of the statute is concerned, is that the employment offered must be one for which the claimant is reasonably fitted by training and experience.

Paragraphs (a) and (b) of subdivision 2 of section 593, relating to union membership and strikes, have no application. Paragraph (c) provides in substance that the employment offered must not be at an unreasonable distance from claimant's residence. The facts do not indicate, nor was it found, that the employment offered violated this prohibition. Paragraph (d) provides that the employment offered must not be for wages, hours or conditions substantially less favorable to a claimant than those prevailing for similar work in the locality, or are such as tend to depress wages or working conditions. There is no proof whatever in the record that these restrictive conditions were violated.

Thus, there is nothing in the statute to sustain the Board's decision that claimant's refusal to accept the employment was

with good cause. Nor is there anything in the law to sustain that part of the Board's decision which asserts that claimant should have been allowed at least thirty days of benefits before being compelled to take a position (*Matter of Mattey,* 267 App. Div. 845). The last basis for the Board's decision that the salary offered was $5 a week less than claimant's earnings in his last employment, is equally untenable. It was a cut of only 10%, and not such a drastic reduction as to justify a refusal.

The decision of the Board should be reversed, without costs, as a matter of law and the decision of the referee reinstated.

All concur.

Decision reversed as a matter of law and the decision of the referee reinstated, without costs.