LOSADA *v.* CHRYSLER CORPORATION

1. Unemployment Compensation—Suitable Work—Pay Differential.

Lower pay for a new job offered to an employee by his employer
does not necessarily prevent the new job from being "suitable
work" within the meaning of the employment security act, so
as to disqualify the employee for unemployment benefits when
he refuses the new job without good cause (MCLA § 421.29
[1] [a]).

2. Unemployment Compensation—Suitable Work—Refusal of Offer—Good Cause.

Unemployment compensation claimant's refusal to accept his
employer's offer of a new job because it would take him
out of his former department and prevent him from returning
to it so long as there was work available on the new job,
was a personal reason and did not constitute good cause
for his refusal to accept the job offered; therefore, claimant,
not being unemployed through no fault of his own, was
properly denied unemployment compensation (MCLA §§
421.2, 421.29[1] [a] [5]).

Appeal from Ingham, Sam Street Hughes, J.
Submitted Division 2 April 15, 1970, at Detroit.
(Docket No. 7,516.) Decided June 25, 1970. Leave
to appeal denied September 2, 1970. 383 Mich 827.

Reference for Points in Headnotes
[1, 2] 48 Am Jur, Social Security, Unemployment Insurance, and
Retirement Funds § 35.

John Losada presented his claim for unemployment compensation against his employer, Chrysler Corporation.  Benefits allowed by the referee but denied by the Appeal Board.  Plaintiff claimant appealed to circuit court.  Affirmed.  Plaintiff appeals.  Affirmed.

*Zwerdling, Miller, Klimist & Maurer,* for plaintiff.

*Charles W. Wexler and A. William Rolf,* for Chrysler Corporation.

Before: LESINSKI, C. J., and J. H. GILLIS and QUINN, JJ.

QUINN, J.    Following the order of remand in *Chrysler Corporation* v. *Losada* (1965), 376 Mich 209, plaintiff's claim for unemployment compensation was allowed by the referee; the appeal board reversed the referee and the circuit court affirmed the appeal board.  We review to determine whether the appeal board's decision was authorized by law and was supported by competent, material and substantial evidence on the whole record.  Const 1963, art 6, § 28, *Williams* v. *Lakeland Convalescent Center, Inc.* (1966), 4 Mich App 477.

The decision of the appeal board was authorized by law if plaintiff was disqualified for benefits under CLS 1961, § 421.29(1)(a)(5) (Stat Ann 1960 Rev § 17.531[1][a][5]).  The determination of disqualification requires the application of the statute to the facts involved.  The pertinent language of the statute is:

"An individual shall be disqualified for benefits for the duration of his unemployment in all cases

where the individual has failed without good cause to accept suitable work when offered him   *   *   *   ."

Section 421.29(1)(a), *supra,* defines suitable work as

"An offer of employment in the individual's customary occupation, under the conditions of employment and remuneration substantially equivalent to those under which the individual has been customarily employed in such occupation, shall be deemed suitable work.  In determining whether or not any work is suitable for an individual, the commission shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

Plaintiff was employed by defendant November 29, 1954 as an assembler in the trim department of the assembly division.  His employment by defendant continued until April 13, 1960, when he was laid off because of lack of work.  During his employment, plaintiff worked at various nonskilled jobs in the trim department of the Dodge main plant assembly division, and his employment had been reclassified several times.  April 13, 1960, plaintiff was classified as a cutter in the trim department with a base pay of $2.52 per hour.

April 15, 1960, defendant offered plaintiff his choice of two jobs, namely:   medium press operator at a base pay of $2.32 per hour or as a spot welder at a base pay of $2.37 per hour.  (Plaintiff had worked as a welder before his employment with defendant.)  Employment was available on these jobs on either the first or second shifts, and the second shift received a five percent pay premium.  Both

jobs were in the same plant where plaintiff had been working and both were nonskilled work. Plaintiff's seniority rights and his rights to all fringe benefits would have been transferred with him had he accepted either job. Plaintiff would not have been recalled to his former job from the new job so long as there was work on the latter. If plaintiff had been laid off from one of the new jobs, he could have been recalled to the trim division or to the stamping division (location of new jobs) for available work. Plaintiff refused to accept either job.

The referee found that plaintiff had been offered "suitable work," but that he refused it with "good cause" because he was not given a reasonable time to find other work. The appeal board reversed on the theory that "length of unemployment" related to "suitability of work" rather than to "good cause", and the appeal board held that plaintiff was disqualified for refusing "suitable work" without "good cause".

Plaintiff concedes that the "length of unemployment" factor properly relates to "suitability of work" rather than to "good cause". Plaintiff argues, however, that by misapplying the "length of unemployment" factor to "good cause" rather than to suitability of work", the referee failed to consider "length of unemployment" in determining "suitability", hence his finding of "suitability" was erroneous and it remained erroneous when the appeal board adopted such finding. We accept the logic of this reasoning, but not the conclusion it reaches.

Applying the statutory criteria for determining "suitability of work" to the record before us, we find ample, competent, material and substantial evidence to support the finding that the work offered to plaintiff was suitable. The pay differential between the former job and offered jobs is not sufficient to

alter this finding. *Heater* v. *Corsi* (1946), 270 App Div 311 (59 NYS2d 793), *Pennington* v. *Dudley* (1967), 10 Ohio St 2d 90 (226 NE2d 738).

As plaintiff testified before the referee, his basic reason for refusing to accept the offered employment was that it would take him out of trim and prevent him from returning to trim. Acceptance of this personal reason as "good cause" is precluded by the policy of the employment security act, CL 1948, § 421.2 (Stat Ann 1968 Rev § 17.502), namely:

"For the benefit of persons unemployed *through no fault of their own.*"

Affirmed with costs to defendant.
All concurred.