Unemployment Compensation Board of Review of
the Commonwealth of Pennsylvania *v.* W. R. Grace
Company, Appellant.

Argued January 8, 1976, before Judges KRAMER,
WILKINSON, JR., and MENCER, sitting as a panel of three.

*Paul R. Ober,* with him *Edelman, Schaeffer, Saylor,
Readinger and Poore,* for appellant.

*Daniel R. Schuckers,* Assistant Attorney General, with
him *Sydney Reuben,* Assistant Attorney General, and
*Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, February 6, 1976:

The claimant was a technician for appellant, a position he had held for two years, on August 23, 1974, when his position was affected by a reduction of work force by the appellant. The technician position was classified by the employer as a grade 6 labor position at a pay rate of $4.25 per hour. Claimant was informed of his right to "bump" into a grade 5 position in another department within the Company at the pay rate of $3.85 per hour or a grade 4 position at $3.55 per hour within the same department in which he had been employed. Rather than exercise his option of bumping a lower level labor position, claimant accepted a voluntary layoff.

Claimant's application for unemployment compensation benefits was denied by the Bureau of Employment Security and, after a hearing, this denial was affirmed by the referee. Claimant appealed to the Unemployment Compensation Board of Review (Board) which remanded for the taking of additional testimony. Following a second hearing, the Board reversed the referee and granted benefits to the claimant.

Appellant contends that benefits should be denied on the basis of Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802(b) (1), (Law), which provides, in pertinent part:

"An employe shall be ineligible for compensation for any week—

. . . .

"(b) (1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . ."

The crux of the question in the instant case is whether a grade 5 labor position was "suitable work" for the claimant. Suitable work is defined in Section 4(t) of the Law, 43 P.S. §753(t):

" 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department should also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, his previous earnings, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates in his usual trade or occupation, and the permanency of his residence. . . ."

It is our determination that the grade 5 labor position constituted suitable work, and its rejection therefore disqualified claimant from unemployment compensation benefits. Both grade 6 and grade 5 positions were of a semi-skilled nature, both were in the same industry and, in fact, for the same employer at the same plant. If the claimant had been unemployed for a long period of time, the result in this case would be too obvious for argument. But even without a gap of unemployment between the claimant's last job and the offer of work, the claimant must be willing to accept some work slightly different from that which he had been employed to do and at some variance in pay. In the case now before us, claimant was offered the job next to his on the employer's grade scale.

The suitability of work offered must be determined on a case-by-case basis. *United States Steel Corporation v. Unemployment Compensation Board of Review*, 18 Pa. Commonwealth Ct. 71, 333 A.2d 807 (1975). However, a claimant seeking benefits must have substantial and reasonable grounds to refuse offered employment and still remain eligible for compensation. *MacDonald v. Unemployment Compensation Board of Review*, 17 Pa. Com-

monwealth Ct. 494, 333 A.2d 199 (1975); *Sparano Unemployment Compensation Case,* 193 Pa. Superior Ct. 349, 165 A.2d 131 (1960); *Bentz Unemployment Compensation Case,* 190 Pa. Superior Ct. 582, 155 A.2d 461 (1959). As we noted in *United States Steel Corporation v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 295, 300, 310 A.2d 94, 96 (1973), an "individual who is unemployed or about to be laid off may [not] decide for himself whether a position is 'suitable' simply because the position offered is not to his liking."

Accordingly, we enter the following

### ORDER

Now, February 6, 1976, the order of the Unemployment Compensation Board of Review, dated March 25, 1975, reversing the decision of the referee and awarding benefits to Warren J. Vogt, is hereby reversed.