GILLIAM v CHRYSLER CORPORATION

LAKE v CHRYSLER CORPORATION

1. UNEMPLOYMENT COMPENSATION—SUITABLE WORK—EMPLOYMENT SECURITY COMMISSION—FACTORS—STATUTES.

In determining whether or not work is suitable for an individual the Employment Security Commission shall consider the degree of risk involved to an individual's health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence (MCLA 421.29[6]; MSA 17.531[6]).

2. UNEMPLOYMENT COMPENSATION—DISTANCE OF AVAILABLE WORK—EMPLOYMENT SECURITY COMMISSION—SUITABLE WORK.

The distance of available work from the residence of an individual cannot be considered in terms of absolute numbers only when the Employment Security Commission determines whether or not work is suitable for the individual; such determination must be related to the facts of each individual case; the Employment Security Commission, therefore, cannot determine that a job is automatically suitable because the job site is located less than 45 miles from the employee's residence.

3. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMISSION—DISTANCE—SUITABLE WORK—FACTORS RELATING TO DISTANCE.

The Employment Security Commission in making a determina-

REFERENCES FOR POINTS IN HEADNOTES

[1–3, 5–7] 76 Am Jur 2d, Unemployment Compensation §§ 68–72.

"Availability for work," under unemployment compensation statute, or claimant who undertakes to restrict willingness to work to certain hours, types of work, or conditions, not usual and customary in the occupation, trade, or industry. 25 ALR2d 1077.

[4] 2 Am Jur 2d, Administrative Law § 610 et seq.

[6, 7] 76 Am Jur 2d, Unemployment Compensation § 79.

Refusal of type of work other than that in which employee was formerly engaged as affecting right to unemployment compensation. 97 ALR2d 1125.

tion regarding the effect of distance on the suitability of a job offer should consider, where relevant, the age and health of the individual employee, the hours during which travel will be required, the time involved in traveling, traffic conditions and the availability and reliability of a means of transportation, as well as any other facts which may relate to the distance factor and its bearing upon the suitability of the employment.

4. APPEAL AND ERROR—CIRCUIT COURT—EMPLOYMENT SECURITY APPEAL BOARD—FINDINGS CONTRARY TO LAW—STATUTES.

A circuit court may reverse an order or decision of the Employment Security Appeal Board only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record (MCLA 421.38; MSA 17.540).

5. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY APPEAL BOARD—DISTANCE TO JOB SITE—ARBITRARY DISTANCE STANDARD —STATUTES.

A decision of the Employment Security Appeal Board holding that a job offer is suitable where the distance from the employee's residence to the job site is less than 45 miles is contrary to law where such determination results from the general application of an arbitrary distance standard rather than from consideration of the statutory factors as they apply to the individual case (MCLA 421.29[6]; MSA 17.531[6]).

6. UNEMPLOYMENT COMPENSATION—RECALL RIGHTS—SUITABLE EMPLOYMENT—FACTORS—STATUTES.

The loss of recall rights to an individual's customary occupation is a fact which may have a bearing upon one or more of the factors used by the Employment Security Commission in determining the suitability of offered employment (MCLA 421.29[6]; MSA 17.531[6]).

7. UNEMPLOYMENT COMPENSATION—SUITABLE EMPLOYMENT—RECALL RIGHTS—DISTANCE FACTOR.

Offered employment by an employer to one of its laid-off employees which is otherwise suitable may be unsuitable if it jeopardizes good prospects for recall to local work in the employee's customary occupation; the loss of recall rights may have a bearing on the distance factor.

Appeal from Monroe, James J. Kelley, Jr., J. Submitted May 4, 1976, at Detroit. (Docket Nos. 25293, 25294.) Decided December 2, 1976.

Claims before the Employment Security Commission by James Gilliam and William Lake for unemployment benefits. Benefits granted to Lake and denied to Gilliam. The Employment Security Appeal Board denied benefits to both plaintiffs. Plaintiffs appealed to the circuit court. Reversed. Chrysler Corporation, the former employer of plaintiffs, appeals by leave granted. Affirmed.

*John A. Fillion* and *Jordan Rossen,* for plaintiffs.

*Portia Y. T. Hamlar,* for Chrysler Corporation.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George M. Blaty* and *David A. Voges,* Assistants Attorney General, for the Employment Security Commission.

Before: Bronson, P. J., and D. E. Holbrook, Jr. and D. F. Walsh, JJ.

D. F. Walsh, J. This is an appeal by Chrysler Corporation, by leave granted, from a judgment of the Monroe County Circuit Court which reversed the Employment Security Appeal Board and held that the plaintiffs James Gilliam and William Lake were eligible for unemployment benefits. The appeal board had determined that both Gilliam and Lake had failed without good cause to report for an interview concerning "available suitable work", MCLA 421.29(1)(d); MSA 17.531(1)(d), and that both were therefore disqualified for unemployment benefits under the cited section of the Michigan Employment Security Act.[1]

---

[1] All parties now agree that Gilliam appeared for the interview but refused to accept the employment contending that it was not "suitable" because of the distance from his residence to the job site. MCLA 421.29(1)(e); MSA 17.531(1)(e). Whether disqualification occurred un-

Section 29 of the MESA deals with disqualification for unemployment compensation benefits and provides:

"Sec. 29. (1) An individual shall be disqualified for benefits in all cases in which he:

\* \* \*

"(d) Being unemployed has failed without good cause to report to his former employer or employing unit within a reasonable time after notice from that employer or employing unit for an interview concerning available suitable work with the former employer or employing unit.

"(e) Has failed without good cause to accept suitable work when offered him, or to return to his customary self-employment, if any, when so directed by the employment office or the commission."

Plaintiff Gilliam was employed by Chrysler's Trenton Engine Plant as a production worker from August 1968 until November 1970 when he was permanently laid off. During this time he lived in Monroe and drove to work, a distance of approximately 21 miles. Gilliam was referred by Chrysler to its Export-Import Plant located on the extreme west side of Detroit, 36 miles from his home; he worked there for three weeks until he was again laid off on December 30, 1970.

After nearly four months without work, Gilliam was notified by Chrysler to report for an interview regarding available work at the Hamtramck Assembly Plant, 44 miles from his Monroe home. He reported for the interview, was offered production work but refused stating that Hamtramck (which is located in the northeast section of Detroit) was

der subsection (d) or subsection (e) the issue before the appeal board in either case was whether the offered employment was "suitable".

simply too far to drive and that his car "could not take it".[2] The Michigan Employment Security Commission thereafter issued a determination finding that, because of the distance factor alone, Gilliam had "good cause for refusal of work" and was therefore "not disqualified" under § 29(1)(e) of the MESA.

Referee W. Raymond Adkins reversed this determination, after a hearing held February 16, 1972, finding that Gilliam had established the entire Detroit area as his "labor market" by taking the Export-Import job and that therefore his claim that the distance was too great did not establish "good cause" to refuse the job offer in Hamtramck.

William Lake commuted 15 miles from his home near Newport to Chrysler's Trenton Plant where he was employed as an assembly worker. He too was laid off in November 1970 and was notified in April 1971 to report for an interview at Chrysler's Jefferson Assembly Plant, located on Detroit's east side. After driving for 40 miles without reaching the plant, Lake returned to his home and telephoned his refusal to appear for the interview because "it was just too far to drive". The distance was established at about 42 miles.

In Lake's case referee Adkins upheld the determination of the MESC that he should not be disqualified from benefits for failing to report for an interview concerning "available suitable work" under § 29(1)(d) and specifically held that "the distance which the employer expected the claimant * * * to travel from place of residence made

[2] When claimant Gilliam refused the Hamtramck job offer, he asserted that the distance from his home to the plant was 62 miles and the commission so found in its determination on April 27, 1971, and in its subsequent redetermination. Gilliam later testified before a hearing referee that his original estimate had been high and that 44 miles was closer to the mark.

any employment involved unsuitable" under § 29(6) of the MESA.

An important finding of referee Adkins in the Lake case was that by accepting employment at the Jefferson Assembly location, the plaintiff would have been required to surrender recall rights to the Trenton Engine Plant and would not be eligible to return to Trenton unless and until he was laid off at Jefferson Assembly at a time when there was an opening at the Trenton facility:

"Thus, we are not talking in this matter exclusively about the distance involved from the claimant's place of residence downriver, but we are also talking about the possibility of the claimant being required to continue for an extended length of time to commute between the place of residence and the Detroit area plant and, possibly, the requirement that the claimant, because of distance involved, seriously consider relocating from the Monroe labor market area to the Detroit labor market area, to avoid a necessity to commute long distances over long periods of time."

Gilliam would also have lost recall rights, but this fact was not reflected in the referee's decision.

On July 31, 1973, the appeal board affirmed the decision of the referee in Gilliam and reversed in the case of Lake, finding both claimants disqualified for benefits solely on the authority of its decision in the matter of *William B Loose v Chrysler Corporation,* Employment Security Appeal Board docket no. B71-6594-41030, also dated July 31, 1973. Loose was a consolidated case involving claimants, originally including Lake and Gilliam, who either failed to report for interviews or refused work on the ground that the offered job site was too far from home. The appeal board affirmatively stated in the *Loose* decision that it would not consider the matter of the jeopardized recall

rights and that since there was no evidence presented with respect to any of the factors set out in § 29(6) other than distance of the available work to residence, that factor alone would be used in determining the suitability of the work. The following rule was accordingly formulated:

"[I]n these particular types of cases, if the work offered requires the individual to travel more than 45 miles from his residence, the work becomes unsuitable by virtue of the distance factor alone and no disqualification should be imposed under either Subsection 29(1)(d) or (e) of the Act."

Applying the arbitrary 45 mile standard adopted in *Loose* the board found that the jobs offered both to Gilliam and to Lake were suitable since the distance from residence to job site in each case was less than 45 miles. This was error.

MCLA 421.29(6); MSA 17.531(6), provides:

"In determining whether or not work is *suitable for an individual,* the commission shall consider the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence." (Emphasis supplied.)

The distance factor cannot be considered in terms of absolute numbers only. It must be related to the facts of each individual case. Hence, while the board might determine that offered employment at a location more than 45 miles from the employee's residence would be unsuitable, it may do so only after consideration of all of the circumstances of the individual case and not by virtue of a general mileage rule applicable to every case.

Certainly it cannot determine, as it did in this case, that a job is automatically suitable because the job site is located less than 45 miles from the employee's residence.

In determining whether distance makes a job offer unsuitable the commission, referee and appeal board should consider, where relevant, the age and health of the individual employee, the hours during which travel will be required, the time involved in traveling, traffic conditions and the availability and reliability of a means of transportation, as well as any other facts which may relate to the distance factor and its bearing upon the suitability of the employment.

Moreover the § 29(6) factors cannot always be considered independently of one another. Frequently several of the factors are interrelated. For instance, the risk to an employee's health and safety, his physical fitness, the length of his unemployment and the prospects for securing local work in his customary occupation may well have a bearing on the distance he should be required to travel before the offered employment would be determined to be unsuitable.[3]

The standard for review of a decision by the appeal board is clearly set forth in MCLA 421.38; MSA 17.540:

"Sec. 38. The circuit court * * * may review questions of fact and law on the record made before the

---

[3] In Justice WILLIAMS' opinion for reversal in *Keith v Chrysler Corp*, 390 Mich 458; 213 NW2d 147 (1973), at least three present members of the Michigan Supreme Court concurred that this statute requires that the referee and the three member appeal board make an "independent examination of each of the statutory factors bearing on disqualification" and that each case "be adjudicated [on] the merits of *its own particular facts* vis-a-vis each of the statutory tests". (Emphasis added.) Justice WILLIAMS' opinion was signed by Justice T. G. KAVANAGH. Justice LEVIN would have joined had he participated (see fn 11, p 505).

referee and the appeal board involved in a final order or decision of the appeal board, and may make further orders in respect thereto as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material and substantial evidence on the whole record."

In these cases the decisions of the appeal board were contrary to law since the determination of suitability resulted from the general application of an arbitrary distance standard rather than from consideration of the statutory factors as they applied to the individual cases. The circuit court did not err in reversing them.

Finally Chrysler argues that the determination of unsuitability made by the circuit court was clearly erroneous because loss of recall rights was considered in making the determination. We disagree.

Although it may be that loss of recall rights is not good cause for refusing *suitable* work, *Losada v Chrysler Corp,* 24 Mich App 656; 180 NW2d 844 (1970), *lv den* 383 Mich 827 (1970),[4] it is, nevertheless, a fact which, like many other facts, may have bearing upon one or more of the § 29(6) factors for determining suitability in the first instance.[5] Offered employment which is otherwise suitable may be unsuitable if it jeopardizes good prospects for

---

[4] The *Losada* holding is lacking in case precedent and has been severely criticized by at least three present members of our Supreme Court. *See Keith v Chrysler Corp,* 41 Mich App 708, 716; 200 NW2d 764 (1972), dissenting opinion of Levin, J., and *Keith v Chrysler Corp,* 390 Mich 458, 481–483; 213 NW2d 147 (1973), *affirming* 41 Mich App 708 by an equally divided court, opinion for reversal by Williams, J.

[5] "Disqualification under this section depends upon two essential findings of fact: (1) that suitable work was offered; and (2) that claimant failed without good cause to accept. It seems patent that the first issue which must be determined is whether the work offered was suitable." *Chrysler Corp v Losada,* 376 Mich 209, 213; 135 NW2d 897 (1965).

recall to local work in an individual's customary occupation. Furthermore, loss of recall may have a bearing on the distance factor. A temporary requirement that an individual travel a certain number of miles to accept offered employment is not nearly as harsh as a permanent one.

The circuit court's determination of unsuitability was not clearly erroneous. It is therefore affirmed.

Costs to appellee.