John J. Kochansky, Petitioner *v.* Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania, Respondent.

Argued March 11, 1977, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*E. J. Julian,* for petitioner.

*George O. Phillips,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE CRUMLISH, JR., May 23, 1977:

John J. Kochansky (Claimant) has appealed the denial of benefits by the Unemployment Compensation Board of Review (Board) on the grounds that he refused an offer of suitable employment, as defined by Section 4(t) of the Unemployment Compensation Law[1] (Law) and was therefore ineligible for benefits under Section 402(a) of the Law. We affirm.

Claimant was employed by the Fort Pitt Bridge Works, a division of Spang and Company (Spang) for 52 years, the last 30 years as an inspector of drawings in the structural steel shop. On May 30, 1975, he was forced to retire under a company policy which made retirement mandatory for salaried employes upon reaching age 65. At the time of his retirement, he was receiving a salary of $1,060.00 per month, or $12,720.00 per year.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §753(t).

During his many years of service at Spang, Claimant had acquired specialized skills which made him of great value to the company. Therefore, shortly before Claimant was due to retire, a company representative asked him to continue to work for Spang at the same job at an hourly rate of $6.50 per hour. Claimant refused the offer on the sole ground that the proposed compensation was substantially less than what he was earning as a salaried employe, and was not commensurate with his skills and experience.

The Bureau of Employment Security granted benefits, but the referee reversed, reasoning that the employment offered to Claimant was suitable and that in refusing it, Claimant removed himself from the labor market thereby disqualifying himself for benefits. The Board, after remanding to the referee for additional testimony, affirmed.

The question before us is whether Spang's offer of employment involved so substantial a reduction in compensation that the offered work was not suitable within the meaning of Section 4(t). That subsection states, in pertinent part:

(t) 'Suitable Work' means all work which the employe is capable of performing. In determining whether or not any work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness, prior training and experience, and the distance of the available work from his residence. The department shall also consider among other factors the length of time he has been unemployed and the reasons therefor, the prospect of obtaining local work in his customary occupation, *his previous earnings*, the prevailing condition of the labor market generally and particularly in his usual trade or occupation, prevailing wage rates

in his usual trade or occupation, and the permanency of his residence. However, notwithstanding any other provisions of this subsection no work shall be deemed suitable in which . . . (2) the remuneration, hours or other conditions of the work offered are substantially less favorable to the employe than those prevailing for similar work in the locality. . . . (Emphasis added.)

The earnings differential is the sole ground upon which Claimant alleges unsuitability.

The record reveals that in the last year he worked for Spang, Claimant was paid a salary of $1,060.00 per month, for a total of $12,720.00. This, the parties agree, came to an average of about $6.13 per hour, for 2080 hours, which included 1848 actual hours worked and 232 hours of paid vacation and holidays. Claimant also received several fringe benefits. The company paid his Blue Cross and Blue Shield insurance, made contributions to his pension fund, and paid him unspecified amounts out of a company profit sharing plan.[2] The Board found—and the record demonstrates—that, although Claimant was not able to retain the fringe benefits upon retirement, Spang, in making its offer of employment, attempted to compensate for the loss of those benefits by increasing Claimant's computed hourly salary by 37¢, from $6.13 per hour to $6.50 per hour. Had he accepted Spang's offer, Claimant would have earned $12,012.00 for 1848 hours of work, the number of hours of actual work under the previous salaried arrangement (there was no provision for paid vacation under the proposed conditions). Furthermore, the loss of Blue Cross/Blue

---

[2] The $530.00 Christmas bonus Claimant had received cannot be included in computing the rate of past compensation, since it was granted at the discretion of Spang's board of directors upon its yearly review of its earnings.

Shield coverage was mitigated by his simultaneous eligibility for Medicaire; and although Spang's contribution to the pension plan terminated at age 65, the plan then began returning benefits to Claimant in the amount of $85.72 per month or $1,004.64 per year, and, while not permitted to continue to participate in the stockholders' program after age 65, Claimant was to receive a lump sum payment from the program of approximately $1,000.00 in the near future. Thus, the only real difference in compensation between the offered employment and that from which Claimant was retired was that the latter paid $12,720.00, while the former paid $12,012.00. The difference of $708.00 amounts to a reduction of less than 6%. While there is no set point at which a salary reduction will be considered substantial enough to alone render an offer unsuitable, we held in *W. R. Grace Co. v. Unemployment Compensation Board of Review*, 23 Pa. Commonwealth Ct. 237, 351 A.2d 297 (1976), that benefits had to be denied where a technician refused his employer's offer of slightly different work at a salary reduction of 9%. *See also Martin Unemployment Case,* 196 Pa. Superior Ct. 293, 175 A.2d 116 (1961) (21% salary reduction). Clearly, then, the Board did not err in ruling that the employment offered Claimant was suitable.

Accordingly, we

ORDER

AND Now, this 23rd day of May, 1977, the decision of the Unemployment Compensation Board of Review is hereby affirmed.