### LYSCAS v CHRYSLER CORPORATION

1. Unemployment Compensation—Disqualification—Suitability of Employment—Good Cause.

   A laid-off employee is disqualified for unemployment benefits if the employee had failed without good cause to accept suitable work when it had been offered to him.

2. Unemployment Compensation—Employment Security Commission—Suitability of Employment.

   It is the function of the Employment Security Commission to determine whether an offer of employment, which has been made to an unemployed worker seeking unemployment benefits and who has refused to accept the offered employment, is suitable for the individual to whom it is offered.

3. Unemployment Compensation—Employment Security Commission—Suitability of Employment—Factors—Right of Recall—Statutes.

   The Employment Security Commission is required by statute when determining the suitability of employment offered to an unemployed worker who is seeking unemployment benefits to consider: (1) the degree of risk involved to the individual's health, safety, and morals, (2) his physical fitness and prior training, (3) his experience and prior earnings, (4) his length of unemployment and prospects for securing local work in his customary occupation, and (5) the distance of the available work from his residence; loss of the worker's right to be recalled to the job from which he is laid off is a fact which may have a bearing on one or more of the statutory factors and should be considered, when relevant, in determining the suita-

References for Points in Headnotes

[1–3] 76 Am Jur 2d, Unemployment Compensation §§ 68, 69.

"Availability for work," under unemployment compensation statute, of claimant who undertakes to restrict willingness to work to certain hours, types of work, or conditions, not unusual and customary in the occupation, trade, or industry. 25 ALR2d 1077.

[4] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

[5] 76 Am Jur 2d, Unemployment Compensation § 68.

bility of the employment offered (MCLA 421.29[6]; MSA 17.531[6]).

4. UNEMPLOYMENT COMPENSATION—EMPLOYMENT SECURITY COMMIS-
SION—APPEAL BOARD—COURTS—STANDARD OF REVIEW—STAT-
UTES.

The standard of review by a circuit court of a decision by the Employment Security Commission Appeal Board is that the court may review questions of fact and law on the record made before the referee and the appeal board involved in a final order or decision of the appeal board and may make further orders in respect thereto as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record (MCLA 421.38; MSA 17.540).

5. UNEMPLOYMENT COMPENSATION—DISQUALIFICATION—SUITABILITY OF
EMPLOYMENT—BURDEN OF PROOF.

The burden of proving that a laid-off employee is not qualified to receive unemployment benefits is on the employer; therefore where an employer challenges a laid-off employee's qualifications for receiving unemployment benefits because the employee refused offered employment at another plant of the employer, the employer bears the burden of proving that the employment offered the employee is suitable for that employee.

Appeal from Wayne, Richard D. Dunn, J. Submitted May 4, 1977, at Detroit. (Docket No. 25223.) Decided June 6, 1977.

Claim before the Employment Security Commission by Henry B. Lyscas for unemployment benefits. Benefits granted. The Employment Security Commission Appeal Board denied benefits. Plaintiff appealed to circuit court. Reversed. Defendant Chrysler Corporation, plaintiff's employer, appeals. Affirmed.

*John A. Fillion* and *Jordan Rossen,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.*

*Derengoski,* Solicitor General, and *Felix E. League,* for defendant MESC.

*Portia Y. T. Hamlar,* for defendant Chrysler Corporation.

Before: BRONSON, P. J., and D. E. HOLBROOK, Jr., and D. F. WALSH, JJ.

D. F. WALSH, J. Chrysler Corporation appeals a decision of the Wayne County Circuit Court which ruled that the plaintiff, Henry B. Lyscas, was not disqualified for unemployment benefits under the Michigan Employment Security Act, MCLA 421.1, *et seq.;* MSA 17.501, *et seq.*

Plaintiff worked as a machine operator on a centerless grinder at Chrysler's Detroit Universal Division in Dearborn. He was laid off in December of 1973, subsequently recalled and then laid off again in March, 1974. He was offered a job in April, 1974, as an assembler at Chrysler's Hamtramck plant. He rejected the offered employment for the reason that acceptance of employment at Hamtramck would result in the loss of plaintiff's right to be recalled to work at Detroit Universal unless and until he was laid off at Hamtramck at a time when an opening existed at Detroit Universal. He also stated that he thought he would be unable to do assembly work because of his small stature.[1]

Plaintiff applied for unemployment benefits. Defendant-employer opposed the application on the grounds that Lyscas had "failed without good cause to accept suitable work when offered him". MCLA 421.29(1)(e); MSA 17.531(1)(e). The Michi-

---

[1] According to the referee Lyscas appeared to be under 5 feet tall and weighed less than 120 pounds. His employment file contained a restriction that he lift, push or pull no more than 20 pounds.

gan Employment Security Commission ruled that Lyscas was not disqualified, finding that the employment offered was "unsuitable".[2] The referee affirmed the commission.

Although the findings of the referee obviously related to the suitability of the offered employment, she couched her findings in terms of good cause.[3] Her decision dated August 8, 1974, stated:

"The Referee finds from the credible relevant material evidence claimant's refusal of the job offered by the employer on 4-8-74 was with good cause under Subsection 29(1)(e) of the Act.

\* \* \*

"Claimant appears to be under five feet and of such slight stature as to weigh under 120 lbs. He has been working as a Centerless grinder for several years as his experience dates back to his high school days. He does not appear to shun work which he has substantiated by the fact he worked while attending school for the Peek Industries on a grinder. He is unable to lift heavy material due to his tiny physique and therefore did not desire to accept the offer of work.

"Claimant also knew of the restriction imposed by

---

[2] Michigan Employment Security Commission notice of redetermination July 2, 1974.

[3] Sec. 29(1)(e) of the Michigan Employment Security Act provides that an individual is disqualified for benefits if he has failed without good cause to accept suitable work when offered him. Our Supreme Court has stated that § 29(1)(e) requires two determinations rather than one, the first being whether the offered employment was suitable, the second being whether the employee had good cause to refuse it. Under this analysis the second determination would be necessary only if the first determination were in the affirmative. *Chrysler Corp v Losada,* 376 Mich 209, 213; 135 NW2d 897 (1965).

Good cause and suitability, however, are in most cases inextricably interwoven with one another. This is so because the determination required under the statute is not one of general suitability but rather one of specific suitability. The commission must determine if the offered employment is "suitable for an *individual*". (Emphasis added.) MCLA 421.29(6); MSA 17.531(6). In most cases any *good cause* which an individual might have for rejecting a job offer would make that job *unsuitable* for that individual.

the employer of being called back to the Detroit Universal Division."

The appeal board reversed the referee, ruling that the claimant was disqualified for benefits because he had refused without good cause to accept suitable work when offered to him.

Section 29 of the Michigan Employment Security Act provides:

"Sec. 29. (1) An individual shall be disqualified for benefits in all cases in which he:

\*    \*    \*

"(e) Has failed without good cause to accept suitable work when offered him \* \* \* ."

It is the function of the commission to determine whether an offer of employment is suitable for the individual to whom it is offered. MCLA 421.29(6); MSA 17.531(6) provides:

"In determining whether or not any work is suitable for an individual the commission shall consider the degree of risk involved to [the individual's] health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence."

Loss of recall rights is a fact which may have a bearing on one or more of the statutory factors and should be considered, when relevant, in determining the suitability of the employment offered. *Gilliam v Chrysler Corp,* 72 Mich App 538; 250 NW2d 123 (1976).

The standard of review of a decision by the

appeal board is clearly set forth in MCLA 421.38; MSA 17.540:

"Sec. 38. The circuit court * * * may review questions of fact and law on the record made before the referee and the appeal board involved in a final order or decision of the appeal board, and may make further orders in respect thereto as justice may require, but the court may reverse an order or decision only if it finds that the order or decision is contrary to law or is not supported by competent, material, and substantial evidence on the whole record."

The burden of proving disqualification is on the employer. *Lasher v Mueller Brass Co,* 62 Mich App 171, 178; 233 NW2d 513 (1975). See also, *Keith v Chrysler Corp,* (opinion for reversal by WILLIAMS, J.) 390 Mich 458, 487–489; 213 NW2d 147 (1973).[4] Defendant employer, therefore, had the burden of proving that the employment offered the plaintiff was suitable for him.

In this case claimant was of very slight stature; he expressed the fear that he would be unable to do assembly work; and he was restricted from lifting, pushing or pulling more than 20 pounds. The appeal board found that the offered employment was suitable since there was no testimony that the assembly job offered the claimant would have required him to lift weights in excess of the amounts fixed by the restriction or beyond what would be within the capabilities of a man his size.

---

[4] Writing for reversal in *Keith,* Justice WILLIAMS ruled that the ultimate burden of proving disqualification is on the appeal board, and if the evidence introduced provides an insufficient basis upon which to make an informed determination of suitability applying the statutory factors, the appeal board must make further investigation using their subpoena power, if necessary, to examine witnesses other than those furnished by the claimant or the employer. As *Keith* was decided by an evenly divided court, neither the opinion for affirmance nor the opinion for reversal stands as binding precedent. *LeVasseur v Allen Electric Co,* 338 Mich 121; 61 NW2d 93 (1953).

In so ruling, the board impermissibly shifted the burden of proof. There was no evidence in the record that the job did *not* require lifting weights in excess of the claimant's restriction nor was there any evidence at all as to what would be involved in the assembly job offered to the claimant. It was the employer's burden to introduce such evidence. Without it the board's finding that the job was suitable for this individual is not supported by competent, material and substantial evidence on the whole record. It was properly reversed. MCLA 421.38; MSA 17.540.[5]

Moreover, in making its decision the board considered loss of recall rights only with respect to the issue of "good cause" for refusing suitable work and not in connection with its initial determination as to the suitability of the offered employment. This was error. As we said in *Gilliam v Chrysler Corp, supra,* at 546.

"Although it may be that loss of recall rights is not good cause for refusing *suitable* work, *Losada v Chrysler Corp,* 24 Mich App 656; 180 NW2d 844 (1970), *lv den* 383 Mich 827 (1970), it is, nevertheless, a fact which, like many other facts, may have bearing upon one or more of the § 29(6) factors for determining suitability in the first instance." (Footnotes omitted.) (Emphasis in original.)

In this case virtually all of the claimant's training and experience was as a machine operator on a centerless grinder. He had been laid off for only 13 days when he was called to the interview at Hamtramck. Acceptance of the offered employment would have required the claimant to lose the

---

[5] In its opinion the trial court inadvertently cited the predecessor to MCLA 421.38; MSA 17.540, as the standard for review of a decision of the appeal board. We have applied the proper standard here and find grounds for reversal.

benefits of his prior training and experience. Certainly a temporary requirement that he do this should be weighed differently than a permanent one in determining the suitability of the offered employment. And a permanent loss of the benefit of one's prior training and experience would affect suitability differently if the period of unemployment had been lengthy and the prospects for recall were slight than it would if the period of unemployment had been brief and the prospects for recall were good. Loss of recall rights was, therefore, a fact which in this case had a bearing on some of the § 29(6) factors and should have been considered by the appeal board.

The circuit court in reversing the appeal board evaluated the statutory factors and considered loss of recall rights insofar as it affected those factors. We do not find the circuit court's determination of unsuitability to be clearly erroneous. It is, therefore, affirmed.

Costs to appellee.