# Barbara F. Calabi v. Department of Employment Security

[376 A.2d 349]

No. 192-76

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed   June 7, 1977

*Yandell, Archer & Foley*, Burlington, for Appellant Skihaus.

*David M. Wilson*, Montpelier, for Defendant.

**Billings, J.** Claimant-appellee Barbara Calabi was employed as a sales clerk in the ski shop of Skihaus of Vermont, Inc., appellant-employer, from December 13, 1974, to February 20, 1975. After her termination, she applied and received unemployment compensation benefits. By letter dated October 20, 1975, her former employer sent her correspondence concerning possible re-employment. By letter dated October 26, 1975, claimant replied, noting certain difficulties in the proposed work. Subsequently, the claims examiner in the Department of Employment Security ruled that, based on the two letters, she had failed without good cause to accept an offer of suitable, available work, and disqualified her from further benefits. 21 V.S.A. § 1344(a)(2)(C). This decision on review was reversed by the Department's appeals referee and that ruling was affirmed by the Vermont Employment Security Board. Employer appeals.

On appeal, two issues are presented: first, was there a proper offer of employment which was unreasonably refused; and secondly, was the sales clerk position suitable employment for this claimant, who is a certified teacher by profession.

The pertinent text of the employer's letter reads as follows:

> We understand that you are still unemployed and that you now have recovered from your accident sufficiently to

work an average work day. If you are willing to come back to work at our terms we would love to have you work for us again.

Specifically, we would expect you to work as a sales clerk on the floor and to sell aggressively and be available to work at any and all times that we ask you to do so, and not at your convenience.

The employer's letter cannot be construed as a genuine offer, especially in view of the lack of specifics regarding employer's "terms," starting date, hours and wages. The purported offer was too general, and in the absence of a proper offer, we do not reach the question of refusal. It is clear that the letter was the commencing of negotiation in the bargaining process. An offer that is vague, speculative, and lacking in detail is no offer at all. *Kartridg-Pak Co.* v. *Director of Labor*, 28 Ill.2d 616, 192 N.E.2d 867 (1963). No firm or definite offer of employment having been made, claimant is not ineligible for benefits. 21 V.S.A. § 1344(a)(2)(C).

In view of this disposition, we do not reach the issue of suitability of employment for this claimant.

*Affirmed.*