Judith A. Heltzel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs May 12, 1983, to Judges BLATT, MACPHAIL and BARBIERI, sitting as a panel of three.

*Judith A. Heltzel,* petitioner, for herself.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, June 21, 1983:

Judith A. Heltzel (Claimant) has filed this Petition for Review from a decision of the Unemployment Compensation Board of Review (Board) which denied Claimant unemployment compensation benefits based on a determination that Claimant had voluntarily terminated her employment without cause of a necessitous and compelling nature. Section 402(b) of the

Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

Claimant was last employed by Dentsply International (Employer) as a secretary at the rate of $6.16 per hour. Claimant was notified that her position was to be terminated, but was advised by Employer of an available position as a Secretary I[1] in Employer's Treasury Department at a pay rate of $5.35 per hour. The offered position would have involved working with corporate income tax returns and Employer was willing to provide any necessary training. Claimant would have been eligible for a pay raise in the new position within three months, provided her work was satisfactory. The Board found that Claimant declined this job offer because it paid less than her present job and because she was not interested in the type of work required by the position. The Board determined that neither of these reasons justified Claimant's assertion that the Treasury Department position was not suitable work[2] and the Board held that Claimant was ineligible under the provisions of Section 402(b) of the Law.

Claimant, in her pro se brief to this Court, appears to take issue with the Board's findings regarding her reasons for refusing the Treasury Department position. She contends that a job which primarily entailed working with corporate tax returns,

---

[1] Claimant's prior employment was apparently as a Secretary II.

[2] "[I]n determining whether or not an employee has left his work voluntarily without cause of a necessitous and compelling nature, the department shall give consideration to the same factors, insofar as they are applicable, provided, with respect to the determination of suitable work under section four(t) [Section 753(t) of the Law]." Section 402(b) of the Law.

a field with which she was unfamiliar, was not suitable work for a person trained to be a secretary. However, the Board, based on the record presented to it,[3] specifically determined that the offered position was a secretarial classification for which Claimant was qualified. While the functions of this new position did differ somewhat from Claimant's prior duties, a claimant must be willing to accept some changes in job assignments. *Unemployment Compensation Board of Review v. W. R. Grace Company*, 23 Pa. Commonwealth Ct. 237, 239, 351 A.2d 297, 299 (1976). The position therefore must be considered suitable as being within Claimant's field of work.[4]

Claimant also contends that she was justified in refusing the Treasury Department position because the Employer failed to consider her for other higher grade positions for which Claimant believed she was more qualified. We fail to see any merit to Claimant's contention. We can find nothing in the Law which would permit Claimant to refuse an offer of suitable work simply because the Employer did not offer the *best* job available. *See, Caterina v. Unemployment Compensation Board of Review*, 43 Pa. Commonwealth Ct. 19, 401 A.2d 852 (1979).

We affirm.

## ORDER

The order of the Unemployment Compensation Board of Review, decision number B-202370, dated December 31, 1981, is hereby affirmed.

---

[3] The Board, and not this Court, is the factfinder in unemployment compensation cases. *See, e.g., Howell v. Unemployment Compensation Board of Review*, 51 Pa. Commonwealth Ct. 26, 413 A.2d 782 (1980).

[4] Claimant does not now argue that the reduction of pay in this case made the offer unsuitable and we would not so hold. *See W. R. Grace Company*.