Mr. Justice Groves
delivered the opinion of the Court.
This is an unemployment compensation case brought here to review the judgment of the district court, which reversed a decision of the Industrial Commission of Colorado (Ex-officio Unemployment Compensation Commission of Colorado), referred to as the “commission.” Defendant in error will be called the “claimant.”
*367 The claimant has been a journeyman plumber for a number of years. During the period involved here he resided and worked in Colorado Springs. He was employed by Reed-Johnson Co. from July 1964, to June 3, 1966, at a wage of $4.75 per hour. In addition, this employer paid the equivalent of about 9jzi per hour on claimant’s Blue Cross and Blue Shield premiums. He was to receive two weeks vacation if he remained in the employ of Reed-Johnson Co. throughout 1966. Reed-Johnson Co. operated a nonunion shop.
Claimant concluded that he wished to work for a union shop. Accordingly, he left the employ of Reed-Johnson Co. on Friday, June 6, 1966, joined the union that night and on the following Monday went to work for Douglas-Jardine, a union establishment. For the period commencing January 1, 1967, the union contract in effect provided for an hourly wage of $4.66 plus fringe benefits of 37^ per hour, or a total of $5.03 per hour.
Douglas-Jardine laid off claimant for lack of work on January 20, 1967, and on February 20, 1967, he applied for unemployment benefits at the Department of Employment under the Colorado Employment Security Act.. C.R.S. 1963, Ch. 82, as amended. Reed-Johnson Co. made a request of the Department of Employment for a. journeyman plumber at the pay rate of $4.50 per hour. This was communicated to the claimant on about March 15, 1967, but claimant understood that the request, specified $4.60 per hour. Claimant refused the job offer for the reason that Reed-Johnson was nonunion; moreover, he thought that if he were to go to work there the union would fine him $500.
On receipt of the job offer claimant contacted Mr.. Oscar Johnson of Reed-Johnson Co. and conversed with him briefly. The amount of wages to be paid claimant was not discussed. Claimant left with the statement that he would think over the matter of the employment and let Mr. Johnson know. Mr. Johnson testified that when *368 the request was made of the Department of Employment it was not known that claimant would be appearing in response thereto; that had claimant accepted the employment he would have received his former wage of $4.75 plus the same contribution to Blue Cross and Blue Shield; and that, in addition, he would have been entitled to two weeks vacation. A union representative testified that had the claimant accepted the Reed-Johnson employment the union would not have fined him but might have given him a reprimand.
The claimant went to work for a third plumbing firm on March 27 or 28, 1967, and was so employed at the time of the referees’ hearings herein.
A deputy of the Department of Employment denied the claim and claimant appealed from the deputy’s decision. A Department of Employment referee held a hearing on April 27, 1967, and affirmed the deputy’s decision. Claimant’s attorney requested that another referee’s hearing be held, which request was granted. Another Department of Employment referee conducted a hearing on May 10, 1967, and the deputy’s denial of the claim again was affirmed. While the testimony in both hearings is in the record, the referee referred to in the remainder of this opinion is the one who conducted the second hearing.
The pertinent portions of C.R.S. 1963, 82-4-7 and 8, as amended, are as follows:
“82-4-7. * * * (1) Any unemployed individual shall be eligible to receive benefits with respect to any week only if the department finds that:
“ (4) He is able to work and is available for all work deemed suitable pursuant to the provisions of section 82-4-8. * * *”
“82-4-8. * * *
‡ sjs ‡
“(6) (a) No Award. As a guide to the department in the administration of this chapter, the general assembly *369 determines that no award of benefits shall be granted to a claimant who is unemployed as a result of any of the following conditions, as determined by the department, * * *
“(c) (i) The refusal of suitable work or refusal of referral to suitable work at any time from the beginning of the base period to the time of the filing of a claim. In determining whether or not any work is suitable for an individual, the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing work in his customary occupation, and the distance of the available local work from his residence, shall be considered. Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:
❖ ❖ *
“(iii) If the wages, hours, or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.”
There was no testimony as to the prevailing wage scale in Colorado Springs. The referee apparently assumed that the union scale was the prevailing scale. None of the parties had any objection to this assumption and for the purposes of this case we accept it. The parties further agree: (1) That a claimant may not justify his refusal of a job offer on sole grounds that it is nonunion (See Annot., 56 A.L.R.2d 1015); and (2) that, if in fact the job offered is not ‘suitable,’ then the reason for the claimant’s refusal is immaterial. The principal question in the case, therefore, was whether there was substantial evidence to support the finding by the referee to the effect that the wages and fringe *370 benefits of the work offer were not substantially less favorable than those prevailing in the locality. The district court thought not. The commission thought there was sufficient evidence, and we agree.
The finding of the district court was as follows:
“* * * That the evidence established that the plaintiff was offered a job at the rate of $4.50 per hour, that the prevailing wage was $5.03 per hour with time-and-a-half for overtime. That in view of these facts the wages and other conditions of the work offer were substantially less favorable to the plaintiff than those prevailing for similar work in the locality, and that therefore such work was not suitable under the provisions of Section 82-4-8(6) (c) (iii) of C.R.S. 1963, as amended.”
In Industrial Commission v. Brady, 128 Colo. 490, 263 P.2d 578, the offered work paid $2.00 an hour and the prevailing wage was $2.39. This court affirmed the district court’s finding that this was a substantial difference. Between $2.39 and $2.00 there is a reduction of about 17%. Between $5.03 and $4.50 there is a reduction of about 10%%. It is not necessary for us to make a determination as to whether the 10%% would be considered as “substantial.” There was conflicting evidence before the referee — even portions of claimant’s testimony were inconsistent with other portions. When there is evidence to support findings and they are made on conflicting evidence, such findings are conclusive on review. Vanadium Corp. v. Sargent, 134 Colo. 555, 307 P.2d 454.
 There was sufficient evidence before the referee to support a finding that claimant rejected a job that would have paid him $5.03 an hour, computed as follows:
Base wage that would have paid to him $4.75
Health insurance .09
Vacation pay .19
$5.03
*371 The claimant testified that he thought the job offer amounted to the following:
Base wage $4.60
Health insurance .09
Vacation pay .18
$4.87
This would have amounted to a variance of 3% from $5.03. If a base wage figure of $4.50 instead of $4.60 were used, the variance would be 5%. We hold that under the circumstances of this case a variance of 5% would not be “substantially less favorable.”
The Attorney General has pointed out that when working on a union job the claimant’s wages would be reduced by payments on his union initiation fee and union dues. We doubt that this factor should be taken into consideration in determining the matter of “substantially less favorable” wages, just as we believe that claimant’s fear of a $500 fine by the union should be disregarded.
Reed-Johnson Co. did not pay premium pay for overtime work, but permitted a claimant to work whatever overtime hours he wished. Douglas-Jardine was under contract to pay premium wages for overtime, but its overtime work was minimal. The respective overtime situations do not affect the finding of the referee concerning “substantially less favorable wages.”
The claimant contends that the commission failed to give consideration to claimant’s short period of unemployment and has set forth in his brief the following quotation from Bayly Manufacturing Co. v. Department of Employment, 155 Colo. 433, 395 P.2d 216:
“It is clear that the beneficent purposes of the Act do not include a guaranty that a job offer must be for wages equal to that of the old job in order to be deemed as ‘suitable’ work, but work at a substantially lower wage should not be deemed ‘suitable’ unless a claimant has been given a reasonable period to compete in the labor market for available jobs for which he has the *372 skill at a rate of pay commensurate with his prior earnings. * * *”
In other words, the shorter the period of unemployment the less variance there can be between the- prevailing wage and the offered one. In ruling that there was sufficient evidence to support the referee’s finding, we have in mind the short period of unemployment. The referee must have been mindful of it, and it was directed to the commission’s attention.
The judgment is reversed and the cause remanded to the district court for the entry of an order affirming the denial of the claim by the commission.
Mr. Justice Pringle concurs in the result.
Mr. Chief Justice Moore and Mr. Justice Day not participating.