Barry R. Crater, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued January 10, 1974, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Barry R. Crater*, appellant, for himself.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 29, 1974:

Barry R. Crater, appearing in propria persona, has appealed from the denial of unemployment compensa-

tion benefits, apparently on the grounds that there was an inequitable reassignment of other employees by his employer, The Pennsylvania State University, during a four-month layoff period which affected him. His argument, however, presents no reasons which would justify our reversal of the referee's decision as confirmed by the Unemployment Compensation Board of Review.

The findings of facts, which are here supported by the evidence, are binding upon us. *Trella v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 305, 309 A. 2d 742 (1973). And these facts clearly show that Crater refused continuing suitable work without a necessitous and compelling reason, thereby voluntarily terminating his employment, and he must now be denied benefits under Section 402(b) (1) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, 43 P.S. §802(b)(1).

Specifically, on November 7, 1972, the employer informed Crater, a groundskeeper, of various temporary jobs available to him so that he could remain on the payroll, rather than be laid off temporarily. Crater refused to accept any of these other jobs. Unlike a case involving skilled laborers, as in *Shay Unemployment Compensation Case*, 424 Pa. 287, 227 A. 2d 174 (1967), in this case, the employee was unskilled and the proffered jobs (maintenance work, maintenance and services and janitorial operations) were within his general capabilities and ones which he should have accepted. The testimony indicated that Crater refused any assignment offered because he wanted to work outdoors, did not want a lower salary and did not like the way the jobs were distributed. These reasons, while perhaps persuasive for him, do not constitute cause of a necessitous and compelling nature for terminating

employment where, as here, the job assignment is not unsuitable.

Because Crater has failed otherwise to satisfy his burden of proving that his termination was for a cause of a necessitous and compelling nature, we are convinced that the decision of the Board denying benefits is correct. We, therefore, make the following

ORDER

Now, March 29, 1974, the order of the Unemployment Compensation Board of Review is hereby affirmed.