560 P.2d 70

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, successor agency to the Employment Security Commission of Arizona, Appellant,**

v.

**TRANSAMERICA REAL ESTATE TAX SERVICE, Appellee.**

**No. 1 CA–CIV 3082.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 3, 1977.

Bruce E. Babbitt, Atty. Gen., by James A. Tucker, Asst. Atty. Gen., Phoenix, for appellant.

Law Offices of Donald D. Meyers, by R. Jeffrey Blankenburg, Phoenix, for appellee.

## OPINION

SCHROEDER, Presiding Judge.

This appeal involves A.R.S. § 23–776 of our unemployment compensation statutes which provides that an individual is disqualified for benefits upon rejecting "without cause" an offer of "suitable employment".[1] Appellant, The Department of Economic Security, concluded that the claimant involved was justified in refusing the job offer made by appellee, her former employer, Transamerica. On Transamerica's appeal to the superior court, that court overturned the Department decision and the Department appeals here.

The matter has been pursued by Transamerica since an employer's rate of contri-

1. § 23–776. Disqualification from benefits for failure to accept suitable work; exceptions

A. An individual shall be disqualified for benefits if the department finds he has failed without cause either to apply for available, suitable work, when so directed by the employment office or the department, or to accept suitable work when offered him, or to return to his customary self-employment when so directed by the department. The disqualification shall begin with the week in which the failure occurred and shall continue for the duration of his unemployment and until he has earned wages in an amount equivalent to eight times his weekly benefit amount otherwise payable.

B. In determining whether or not work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence.

C. Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to an otherwise eligible individual for refusing to accept new work under any of the following conditions:

1. If the position offered is vacant due directly to a strike, lockout or other labor dispute.

2. If the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.

3. If as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining a bona fide labor organization. As amended Laws 1971, Ch. 172, § 28, eff. Aug. 15, 1971; Laws 1974, Ch. 155, § 5, eff. Aug. 11, 1974.

bution to the unemployment compensation fund is affected by the amounts of benefits paid to former employees of that employer. A.R.S. §§ 23–727 to 23–732. The individual whose eligibility for compensation gives rise to this litigation, Lorena Munoz, is not a party.

In May 1972, Transamerica terminated Munoz from her position as a tax examiner. She had worked for Transamerica for approximately five years, and the reason for her discharge was a company policy requiring termination of female employees after the fifth month of pregnancy. (The legality of such a policy is not an issue in this case.) At the time of her termination, she was earning $425 per month.

After the birth of her baby, Munoz was voluntarily unemployed until January 3, 1973, when she applied for work and filed for unemployment insurance. As part of her efforts to seek employment, she applied for State positions, and passed, with a high score, a qualifying examination for positions paying from $438 to $479 per month.

In January 1973 Transamerica offered Munoz a position with duties similar to the duties of the position she had formerly held, but in a different department with more supervision and at a salary of $400 per month, or $25 a month less than she had been earning before her termination. Munoz made only limited efforts to follow up on this offer, and at the hearing on her eligibility for compensation testified that she did not wish the job because she wanted a higher salary and better promotional opportunities.

On February 7, 1973, approximately five weeks after she had returned to the job market, Munoz began work for the State at $438 per month, a salary significantly higher than that offered by Transamerica.

The question of her eligibility for unemployment benefits after the Transamerica offer was considered in extensive administrative proceedings. A deputy originally determined that her refusal of the Transamerica offer was justified. His determination was reversed in a split decision by the appeal tribunal. After a further hearing before a hearing officer for the director, there was a final agency determination that she was eligible for benefits. In reaching that determination, the Department considered several factors, including the prospects of her obtaining better paying work with the State, the differential between the starting salary of the State positions and the salary which Transamerica offered her, and the relatively short period of time that the claimant had been seeking suitable work after returning to the job market in January 1973.

The trial court, upon its review of the record before the Department, set the agency determination aside.

Transamerica's argument in support of the trial court's judgment and in opposition to the administrative decision stresses first that the claimant's principal professed reason for turning down the Transamerica offer was her desire for more money and second that the money which Transamerica offered was within six percent of the amount which the claimant had been previously earning. Transamerica in effect argues that in such circumstances, as a matter of law, an applicant must be held to have refused suitable work without cause. Our reading of the applicable statute convinces us that the standard in this state is not so rigid.

A.R.S. § 23–776(B) sets forth a variety of factors to be considered by the Department in determining whether or not work is suitable. These include not only the claimant's prior earnings, but also prior training and experience, and the prospects for securing work. The same statute goes on in subsection (C) to provide that benefits should not be denied to an individual who refuses work where "the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality."

These provisions specifically authorize the Commission to look to an applicant's prospects for employment elsewhere in determining whether the applicant is justified in refusing a particular job. We find

**218**

nothing in the statute to support the employer's position that the only standard for measuring suitable work is the prior earnings of the applicant. That is, of course, one factor, but the Commission is given wide discretion in individual cases to determine whether an applicant has refused suitable work without cause.

■ In this case, the Commission did consider the factors enumerated under this statute, and we cannot say that its decision was arbitrary, capricious, or an abuse of discretion. *See Arizona Department of Economic Security v. Lidback,* 26 Ariz.App. 143, 546 P.2d 1152 (1976). Adoption of the employer's position would require us to disregard the findings of the Department, clearly supported by the record, that this applicant had cause to reject the Transamerica offer because of the existence of reasonable prospects of obtaining significantly better paying work than that offered.

The cases from other jurisdictions upon which Transamerica relies are not in conflict with our decision. *Industrial Commission v. Zavatta,* 166 Colo. 365, 443 P.2d 982 (1968); *Bayly Manufacturing Company v. Department of Employment,* 155 Colo. 433, 395 P.2d 216 (1964); *Bus v. Bethlehem Steel Corp.,* 37 A.D.2d 98, 322 N.Y.S.2d 310 (aff'd 32 N.Y.2d 955, 347 N.Y.S.2d 206, 300 N.E.2d 736 (1973)).

In none of these cases was there an agency finding that other work was available paying significantly more than the job which the applicant refused. The result reached by the agency here in no way conflicted with the language of our statute or its beneficent purposes. *See Southwest Lumber Mills v. Employment Security Commission,* 66 Ariz. 1, 182 P.2d 83 (1947); *Arizona Department of Economic Security v. Little,* 24 Ariz.App. 480, 539 P.2d 954 (1975).

The judgment of the superior court is reversed and the order of the appellant is reinstated.

EUBANK and HAIRE, JJ., concur.