607 P.2d 6

ARIZONA DEPARTMENT OF ECONOMIC SECURITY, John L. Huerta, Director, and Jimmie K. Riddles, Claimant, Appellants,

v.

MAGMA COPPER COMPANY, Appellee.

No. 14464–PR.

Supreme Court of Arizona,
In Banc.

Feb. 13, 1980.

**24**

Robert K. Corbin, Atty. Gen. by Roderick G. McDougall, James A. Tucker, Asst. Attys. Gen., Phoenix, for appellants.

Twitty, Sievwright & Mills by Kenneth D. Nyman, N. Douglas Grimwood, Phoenix, for appellee.

STRUCKMEYER, Chief Justice.

This is an appeal from a decision of the Court of Appeals affirming a judgment of the Maricopa County Superior Court denying appellant unemployment benefits. We accepted review pursuant to Rule 23, Arizona Rules of Civil Appellate Procedure, 17A A.R.S. Opinion of the Court of Appeals, 125 Ariz. 27, 607 P.2d 10 (App.1979), vacated. Judgment of the Superior Court reversed.

Claimant Jimmie K. Riddles was employed from July 3, 1975 to January 26, 1976 as an underground helper in the machine department for Magma Copper Company, San Manuel, Arizona. On January 14, 1976, Magma posted notices advising underground employees that there were to be temporary layoffs of some workers by February 2, 1976 due to the depressed copper market. The notice indicated that there were some vacancies for helpers to work on the surface. Applications for those vacancies had to be made by January 16. An underground worker could apply for a transfer by completing a bid sheet. Riddles was encouraged by his supervisor and by Magma's employment agent to apply for a transfer to one of the surface positions.

Workers who transferred to the surface were to receive an° eighteen-cent per hour reduction in pay. In addition, a worker who accepted a transfer could not apply for his former job until he had worked a minimum of six months on the surface. At that time, if an opening occurred in an underground job, employees could bid on the job; then, depending on seniority, the employee might or might not be returned to his or her former position.

Riddles did not apply for a transfer to the surface job.[1] Riddles was laid off on January 26, 1976 due to a reduction in force. On February 13, 1976, Riddles applied for unemployment benefits. On February 25, Magma filed a protest to the payment of benefits. This protest provided:

"on 1–13–76 the claimant was informed that due to the currently depressed copper market Magma Copper Company, San Manuel Division, is being forced to curtail operations in the Mine Mechanical Division. This notice also informed the calimant [sic] that there were vacancies for Helpers in the Plant Mechanical Division, Mill Repair Department, and applications for transfer must be made prior to January 16, 1976. The claimant declined a

---

1. Riddles' stated reason for terminating his employment was:

   "In reference to question # 7, a bid sheet was attached to my lay-off notice. It would

mean a cut from pay grade 3 to pay grade 2. Because the lay-off was temporary, I did not choose the permanent surface job at less pay."

transfer and accepted a lay-off effective 1–26–76. Prior to lay-off the claimant worked as a Helper Underground with a pay rate of $5.69 per hour. The new job as a Helper in the Mill Repair Department is a pay rate of $5.51 per hour."

A Department of Economic Security Deputy rejected Magma's protest holding that Riddles " * * * did not refuse an offer of work because no offer of work was made." Pursuant to A.R.S. § 23–673, Magma timely appealed the deputy's determination of April 1, 1976.

The Appeals Tribunal of the Department held a hearing on Riddles' appeal on May 26, 1976. The Tribunal considered various documentary evidence including Riddles' unemployment benefits claim, the finding of facts, and the decision of the Deputy and the employer's protest to the payment of benefits. The Appeals Tribunal also took additional testimony from Magma's employment agent, Paul Powell.[2]

The Appeals Tribunal, holding that the claimant had refused an offer of unsuitable work, affirmed the decision of the Deputy.

The rationale for the Tribunal's decision was that the loss of recall rights made the offered work unsuitable.

Magma then took an appeal to the Superior Court from the Appeals Tribunal pursuant to A.R.S. § 41–1993.[3] The appeal was based on the record developed before the agency. *See* A.R.S. § 12–910 A.

The Superior Court reversed the decision of the Appeals Tribunal, ruling:

"IT IS ORDERED setting aside the decision of the Department of Economic Security, the Court finding that there is no legal support for the conclusion of law that loss of recall right made the offered work unsuitable and therefore the decision was arbitrary; and it is further,

ORDERED that JIMMIE K. RIDDLES is disqualified from receiving unemployment benefits for the period set out in A.R.S. § 23–776 A."

The Department of Economic Security appealed from the judgment of the trial court. The principal error asserted by the Department is that the job opening was not suitable.[4]

---

2. The Appeals Tribunal made the following findings of fact:

"The claimant was employed from July 3, 1975, through January 26, 1976, as an underground helper in the machine department for X Copper Company, San Manuel, Arizona. On January 14, 1976, the employer posted notices advising employees there were to be lay offs of some workers by February 2, 1976. The notice indicated there were some vacancies for helpers to work on the surface. In addition to the written notice, a supervisor and the employment agent personally urged the claimant to apply for the transfer. Applications were to be submitted by January 16, 1976.
Workers who transferred were to receive an eighteen cent per hour reduction in pay and lose recall rights to the former position. A worker could not return to the underground job until he worked a minimum period of six months on the surface. After the six months, if an opening occurred, employees could bid on the job, and depending on seniority, may or may not be returned to the former position.
The employment agent reported the claimant had refused to apply for the transfer because he wanted to be a truckdriver; however, the claimant informed the Department he did not apply because it was a loss of pay, seniority

and expected the lay off to be temporary. The claimant was recalled on April 1, 1976, however refused because he had found other employment. The claimant was laid off due to a lack of work on January 26."

3. This section has since been amended to provide for appeal directly to the Court of Appeals.

4. A.R.S. § 23–776 provides:

"Disqualification from benefits for failure to accept suitable work; exceptions
A. An individual shall be disqualified for benefits if the department finds he has failed without cause either to apply for available, suitable work, when so directed by the employment office or the department, or to accept suitable work when offered him, or to return to his customary self employment when so directed by the department. The disqualification shall begin with the week in which the failure occurred and shall continue for the duration of his unemployment and until he has earned wages in an amount equivalent to eight times his weekly benefit amount otherwise payable.
B. In determining whether or not work is suitable for an individual, the department shall consider the degree of risk involved to his health, safety and morals, his physical

The factors for determining whether work is suitable as set forth in A.R.S. § 23–776(B) are not exhaustive. *In re Watson*, 273 N.C. 629, 161 S.E.2d 1 (1968). So the Appeals Tribunal could consider whether Riddles was disqualified from benefits by failing "without cause" "to accept suitable work" because of the loss of recall rights.

On appeal from an administrative tribunal, the court will not substitute its opinion of the facts for those of the agency. However, it will not hesitate to substitute its judgment for the agency's conclusions relating to legal questions giving due regard to the expertise of the agency. *Eshelman v. Blubaum*, 114 Ariz. 376, 378, 560 P.2d 1283, 1285 (App.1977). The Appeals Tribunal's "Reasoning and Conclusion of Law" recited:

"	*	*	*

The claimant refused an offer to transfer to similar work at a reduction in pay because he would have lost recall rights to his former position. We find that the loss of recall rights made the offered work unsuitable.

*	*	* "

While the first sentence of the quoted findings is a finding of fact, the second sentence is conclusional in character and is subject to substitution by a reviewing court.

It is not necessary that the job offer be equal in every respect or that the pay be equal or better. *See Losada v. Chrysler Corp.*, 24 Mich.App. 656, 180 N.W.2d 844 (1970); *In re Watson*, supra. The offer here involved a reduction in pay of only eighteen cents an hour, a cut from pay grade 3 to pay grade 2. This, by itself, is perhaps of no great weight, but it must be considered together with the additional condition voluntarily imposed by Magma that Riddles could not return to his former job until he had worked for a minimum of six months at the new job, and then only in the event that an opening occurred, and further, only if some other employee with seniority did not want the job would his former job become available. It should also be considered in the light of the fact that the layoff was understood to be of a temporary nature.

The employer has the burden of proving an employee is disqualified from receiving unemployment compensation benefits. *Lasher v. Mueller Brass Co.*, 62 Mich. App. 171, 233 N.W.2d 513 (1975); *Kleinwachter v. Department of Employment Services*, 305 Minn. 568, 234 N.W.2d 822 (1975); *In re Therrien*, 132 Vt. 535, 325 A.2d 357 (1974).

We do not consider that the Appeals Tribunal erred in concluding that Riddles' choice was reasonable.

Judgment of the Superior Court reversed.

HOLOHAN, V. C. J., and HAYS, CAMERON and GORDON, JJ., concur.

fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation and the distance of the available work from his residence.

C. Notwithstanding any other provisions of this chapter, no work shall be deemed suitable and benefits shall not be denied under this chapter to an otherwise eligible individual for refusing to accept new work under any of the following conditions:

1. If the position offered is vacant due directly to a strike, lockout or other labor dispute.
2. If the wages, hours or other conditions of the work offered are substantially less favorable to the individual than those prevailing for similar work in the locality.
3. If as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining a bona fide labor organization."