**Salem**

MARY P. JOHNSON

v.

VIRGINIA EMPLOYMENT COMMISSION

No. 1602-87-3

Decided July 25, 1989

COUNSEL

Kathleen A. Dooley, for appellant.

Deborah L. Wood; Patrice T. Johnson, Assistant Attorney General General (Mary Sue Terry, Attorney General; Gary C. Hancock; Gilmer, Sadler, Ingram, Sutherland & Hutton), for appellees.

OPINION

**COLEMAN, J.**—Mary P. Johnson appeals the circuit court's affirmance of the decision by the Virginia Employment Commission (VEC) which disqualified her for unemployment benefits based upon Code § 60.2-618(3)(a). The VEC found that Johnson had rejected, without good cause, suitable work offered by her former employer, Magnox, Inc. Johnson contends that the reemployment offered was not suitable because (1) it failed to utilize her training and experience, (2) her period of unemployment had been short, which limited her opportunity to find comparable work, and (3)

she was not physically capable of performing many of the tasks required of the offered job. Finally, she contends that even if the offered work was suitable, she had good cause to refuse the offer.

We find sufficient credible evidence in the record to support the VEC's finding that the employment which was offered was suitable. We find, however, that Johnson did have good cause to refuse the offer of employment. Accordingly, we reverse the circuit court's decision and remand the claim with directions that the trial court vacate its judgment and enter judgment in accordance with the following opinion.

Johnson had been employed with Magnox, Inc., at Pulaski from May 8, 1978, through January 23, 1987. She was discharged from Magnox on January 23, 1987, for having left her job without permission. At the time of her discharge she was classified as a small particle operator, a semi-skilled labor position, earning $8.62 per hour, plus a shift differential. Johnson's reason for leaving was to pick up her children at her babysitter's before a sizeable snowstorm hit. Magnox says this was but one of numerous acts of misconduct which led to Johnson's discharge.

Johnson filed for unemployment benefits in February 1987. The deputy commissioner found that Johnson was disqualified for benefits on the ground that she was discharged due to her own work-related misconduct. Johnson appealed that holding and by decision dated April 10, 1987, the appeals examiner reversed, holding that mitigating circumstances obviated Johnson's misconduct so as not to disqualify her. On May 20, 1987, the full commission affirmed the appeals examiner. The finding that Johnson was not disqualified for work-related misconduct was not appealed.

While Johnson's appeal of the deputy commissioner's misconduct disqualification was pending, Magnox by letter dated February 27, 1987, offered Johnson reemployment at a different job subject to the following conditions: (1) she would be on one year probation; (2) she would be assigned to the day crew; (3) she could not bid for other jobs or job classifications during the probationary period; and (4) she accept her discharge as a suspension without pay. The offer of reemployment by Magnox was as a laborer which would require that she perform a variety of jobs throughout the plant on the dayshift. At the time of the offer her previous position with Magnox was not filled. Her pay would be

eight dollars per hour. In a meeting with management on March 11, 1986, Johnson refused the offer. In addition to the misconduct disqualification issue which was on appeal before the VEC when Magnox offered reemployment, Johnson had filed a grievance against Magnox under the company's collective bargaining agreement, seeking reinstatement to her former job. However, Johnson had exhausted the third and final stage of grievance hearings without being reinstated when Magnox offered reemployment.

The VEC's deputy commissioner found that the laborer position was not suitable employment for Johnson in light of her qualifications and experience and the short period of unemployment during which Johnson could locate comparable work. Magnox appealed. At the *de novo* hearing Johnson testified that she refused the offer because she questioned Magnox's motives and sincerity in offering the job. She testified her old job was still available but Magnox had offered only the laborer's position in an attempt to deprive her of unemployment compensation. She also expressed concern whether she could do the heavy lifting required of a laborer. A Magnox representative testified that the offer was made in good faith, that the dayshift laborer's job would give Magnox better supervision of Johnson, and that it might alleviate Johnson's problems with child care. He testified that the position did not require unusually heavy lifting and that Johnson had performed the job before with Magnox. An employment service representative testified that eight dollars per hour pay for laborers was competitive with the rate paid by other companies in the area. Based on this evidence the appeals examiner ruled that the laborer position was suitable employment and therefore Johnson's refusal was unjustified. Thus, she was disqualified from receiving unemployment benefits. The full commission agreed and on appeal the circuit court affirmed the decision.

██ Code § 60.2-618 enumerates circumstances which disqualify an individual for unemployment benefits. The commission relied upon Code § 60.2-618(3)(a) which provides that an individual will be disqualified "[i]f it is determined by the commission that such individual has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or the commission or to accept suitable work offered him." The commission specifically found that Johnson had refused, without "good cause," Magnox's offer for "suitable work."

On review the commission's findings "as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the [circuit] court shall be confined to questions of law." Code § 60.2-625(A); *see also Virginia Employment Comm'n v. Penninsula Emergency Physicians, Inc.*, 4 Va. App. 621, 626, 359 S.E.2d 552, 554 (1987). However, the issues of "suitability of work" and "good cause" are mixed questions of law and fact reviewable by this court on appeal. *See Israel v. Virginia Employment Comm'n*, 7 Va. App. 169, 172, 372 S.E.2d 207, 209 (1988). The disqualification provision of Code § 60.2-618(3)(a) is designed to penalize an employee who causes his or her own unemployment. *Virginia Compensation Comm'n v. Dan River Mills, Inc.*, 197 Va. 816, 819, 92 S.E.2d 642, 644 (1956). The burden of proving a disqualification under Code § 60.2-618(3)(a) rests with the employer to show by a preponderance of the evidence that the job was suitable. *See Virginia Employment Comm'n v. Gantt*, 7 Va. App. 631, 634, 376 S.E.2d 808, 811 (1989) (rehearing granted on other grounds). If the employer proves that the offered work is suitable, the claimant is disqualified unless he or she proves by a preponderance of the evidence that good cause existed to refuse the otherwise suitable work. *Id.* at 635, 376 S.E.2d at 811.

"Suitability" of employment and "good cause" for refusal involve separate determinations but they are not mutually exclusive. The same factors may, but will not necessarily, be considered in each determination. Generally "suitability" entails an evaluation limited to the nature and characteristics of the job in relation to the skills, training, and experience of the particular employee and the length of unemployment. The determination of "good cause" to refuse employment, however, will involve a much broader inquiry than merely considering whether the intrinsic aspects of the job are acceptable to the prospective employee. "Good cause" to refuse a job offer may arise from factors totally independent of those criteria used to determine whether a job is suitable to a particular employee; however, some or all of those factors intrinsic to the job may be considered in combination with extrinsic circumstances to determine whether good cause exists for the employee to refuse the employment. Thus, in reviewing the commission's decision, we address separately the distinct issues of suitability of work and good cause.

■ Judicial review of an administrative ruling requires that courts give deference to the expertise and knowledge of the agency in the area which it supervises and regulates. *See Johnston-Willis v. Kenley*, 6 Va. App. 231, 243-44, 369 S.E.2d 1, 7-8 (1988). The determination of "when work is suitable and when it is unsuitable, under the facts and circumstances of each particular case, has been delegated [by statute] to the Commission." *Dan River Mills, Inc.*, 197 Va. at 820, 91 S.E.2d at 645. In making that determination Code § 60.2-618(3)(b) directs the commission to "consider the degree of risks involved to [the employee's] health, safety and morals, his physical fitness and prior training, his experience, his length of unemployment and the accessibility of the available work from his residence." *See Dan River Mills, Inc.*, 197 Va. at 819, 91 S.E.2d at 645. Thus, the determination of "suitability" entails both a subjective and objective examination whether an employee with certain qualifications would reasonably be expected to accept an offer of employment considering, among other factors, the wage, the benefits, the duties, and the conditions intrinsic to a particular job in light of the length of unemployment and reasons therefor—usually a reasonably comparable wage in a job which utilizes an employee's experience and skills will be the major factors to measure suitability of a job offer; however, depending upon labor market conditions, length of unemployment, and other significant factors, a discharged employee may not reasonably expect equivalent employment.

In Johnson's situation, the commission found that "despite the difference in the type of work offered to [Johnson] as compared to the work previously performed and the slight difference in wages, the offer of employment fulfills the statutory definition of an offer of suitable work." Johnson argues that the VEC erred in arriving at its conclusion because it failed to consider her training and experience which qualify her to obtain a job more advanced than that of a laborer and that her semi-skilled labor position was available. She argues that her job qualifications, coupled with her short period of unemployment and limited opportunity to obtain equivalent employment, and that her former job was available, require a finding that the offer of employment was not suitable.

■ "The purpose of the [Unemployment Compensation] Act is to 'provide temporary financial assistance to workmen who [become] unemployed without fault on their part. The statute as a

whole . . . should be so interpreted as to effectuate that remedial purpose implicit in its enactment.'" *Israel v. Virginia Employment Comm'n*, 7 Va. App. at 172, 372 S.E.2d at 209 (citing *Ford Motor Co. v. Unemployment Compensation Comm'n of Virginia*, 191 Va. 812, 824, 63 S.E.2d 28, 33-34 (1951)). The beneficent purpose of the Act requires that the disqualifying provisions of Code § 60.2-618(3)(a) must be interpreted in a manner which allows for the advancement in the work force that occurs when an employee has acquired new job skills through training and experience. Thus, "in determining suitability of work, prior training and experience are inevitable touchstones of deliberation" upon which the commission must focus. *Shay v. Unemployment Compensation Bd. of Review*, 424 Pa. 287, 290, 227 A.2d 174, 176 (1967). When an employee with special skills and training has become unemployed, he or she will not be deprived of unemployment compensation benefits because of an offer of employment which would not be reasonably acceptable to an employee with that same background. However, suitable employment is not synonymous with equivalent employment. "Suitability" determinations require consideration of a broad range of criteria, many of which Code § 60.2-618(3)(b) enumerates. Depending upon conditions in the labor market and the length of unemployment, an offer of employment which utilizes fewer job skills and pays a lower wage than the employee's most recent employment may nevertheless be suitable if the commission determines that the wage, the job requirements, and the job classification are not substantially less than the employment from which the claimant has been discharged. *Id.*

We are troubled by the commission's finding that the job was suitable for Johnson in view of the fact it involved a seven percent wage reduction and loss of shift differential and a lower job classification, particularly since Johnson had been unemployed for only six weeks at the time of the offer, during most of which time she was seeking reinstatement through a grievance proceeding and was contesting the misconduct determination. *See* Annotation, 94 A.L.R.3d 63, 79-86 (1979). Code § 60.2-618(3)(b) specifies that length of unemployment is a factor which bears upon whether a job is suitable. The longer a claimant remains unemployed, the less justification he or she would have for refusing an offer of substantial employment. *Id.* A discharged employee is entitled to a reasonable period of time to find work with a commensurate wage and benefits to his previous job, before being re-

quired to accept lesser employment. However, we cannot say that the commission was clearly wrong in holding that Johnson could reasonably be expected to accept such an offer. Considering the intrinsic factors of the job and the experience and training of the employee, the commission was justified in concluding that the wage was substantially comparable, that the employee's qualifications and experience were compatible with the job, that the job was desirable for a prospective employee with Johnson's credentials, and that no evidence showed she had sought equivalent employment or could reasonably expect it to be available to her. *See Arizona Dept. of Economic Sec. v. Transamerica Real Estate Tax*, 114 Ariz. 215, 560 P.2d 70 (1977) (offer of reemployment at lesser wage within five weeks of being on job market held suitable even though employee actively seeking job commensurate to previous work); *Crater v. Commonwealth*, 12 Pa. Commw. 555, 317 A.2d 63 (1974) (only skilled laborers entitled to refuse offer involving substantial but lesser wage despite lack of reasonable time to find equivalent work). Before her discharge, Johnson had worked on a production crew as a small particle operator. That position was classified as semi-skilled labor in which she worked any of three rotating shifts at an hourly pay rate of $8.62, plus shift differential. She had worked at Magnox for nine years. Magnox offered her the laborer position six weeks after discharge. The offered position required that she perform a variety of jobs throughout the plant. In Johnson's prior job, when she was working a shift not with her production crew, she performed the same work as a laborer. Magnox offered evidence that the laborer position was highly sought by employees within the company because it was a dayshift job. Also, Magnox showed that, although the pay was less than for Johnson's previous job, she was offered a higher pay rate than $7.43 per hour for an entry level laborer. The commission noted that Magnox agreed to allow Johnson to bid for other job classifications within the company after one year. On these facts we cannot say that the commission erred in determining that the offered job was suitable employment for this employee.

▪ Furthermore, we do not find that the commission erred by failing to consider all relevant factors to determine whether an employee with Johnson's background could reasonably be expected to accept a job offer of this type. The fact that the laborer position was offered by the same employer who had recently dis-

charged Johnson is not a factor or characteristic inherent to the job which becomes part of the equation that the commission was required to consider in determining "suitability." *See generally,* Annot., *supra* at 74. Also, the fact that the position from which the employee had been discharged at Magnox remained vacant is not a factor in determining suitability of the offered employment. Proof that another position equivalent to an employee's prior employment is available in the labor market or with the prospective employer is not a factor which affects whether the job offered is suitable to the abilities of an employee. The prospective employee is entitled to suitable work, but he cannot without forfeiting unemployment benefits choose to remain unemployed because the prospective employer does not offer the highest available job for which the employee may be qualified.

Also, Magnox attached certain conditions to the offer of reemployment because of the circumstances surrounding Johnson's discharge. The conditions were that Johnson would work the day shift, she would be on probation for one year, she could not bid other jobs for one year, and she accept her discharge as a suspension without pay. Those conditions were not factors intrinsic to the particular job. Thus, while those factors are important to determine whether Johnson had "good cause" to refuse the offer, they should not affect the determination whether the job was suitable. Factors that do not directly affect a job's suitability but rather are peculiar to the employee and her situation are factors which are appropriately considered as to whether good cause existed to refuse suitable employment. In regard to Johnson's claim that she was not physically capable of performing the tasks required of the laborer's position, substantial evidence exists to support the commission's finding that Johnson was capable of doing the job. She previously held the position, and had continued to perform many of the labor tasks when not working on the production crew. The commission could have found on the evidence that other women performed the job and that the position did not require heavy exertion or lifting. Since substantial evidence supports the commission's finding, we can not disturb it on appeal. *Israel*, 7 Va. App. at 172, 372 S.E.2d at 209. Therefore, the VEC's finding that the employment which Magnox offered was suitable for Johnson disqualifies her for unemployment benefits unless she had good cause to refuse it. *Dan River Mills, Inc.*, 197 Va. at 819-20, 91 S.E.2d at 644-45.

■ The commission's opinion appears to hold that once a job has been deemed suitable an employee could have no justification for refusing the offer of employment provided the offer was made in good faith. The commission erred by failing to address other factors extrinsic to the nature of the job and the employee's qualifications which might have justified Johnson's refusal of the offer of reemployment. "Good cause" was not limited to a consideration of whether Magnox offered the job in good faith. The claimant has the burden to show that good cause exists for her refusal to accept suitable employment, *Gantt*, 7 Va. App. at 635, 376 S.E.2d at 811, and she must put forward real and substantial reasons for her refusal. *See Barillaro v. Commonwealth*, 36 Pa. Commw. 325, 328, 387 A.2d 1324, 1326 (1978). To support a finding of good cause to refuse suitable employment, the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work. *Lee v. Virginia Employment Comm'n*, 1 Va. App. 82, 86, 335 S.E.2d 104, 107 (1985).

Johnson contends that the evidence overwhelmingly proved that she had good cause to refuse Magnox's offer. She contends that the conditions imposed upon the offer, the circumstances surrounding her discharge, the rights which she would have to forfeit, and the requirement that she would tacitly admit her misconduct, justified her refusal of Magnox's offer of employment. Johnson points out that the offer had conditions attached to the job which were not imposed upon any other employee. Particularly objectionable to her was the condition that her discharge would be considered a suspension without pay which was caused by her own misconduct. She argues that a reasonable person desirous of employment would not have accepted the offer of work subject to these conditions. We agree with Johnson.

■ In determining whether "good cause" existed to refuse an offer of employment, the situation must be viewed from the standpoint of a reasonable employee desirous of obtaining suitable employment. The employee must establish by a preponderance of the evidence that he had justifiable reasons to refuse the offer in light of the particular circumstance. *Lee*, 1 Va. App. at 86, 335 S.E.2d at 107. From our review of the evidence, we hold that, even though the job may have been suitable for Johnson, she was justified in refusing it. The appeals examiner and commission failed to

consider the total circumstances surrounding Johnson's discharge, the full effect of an offer by the same employer who discharged her subject to the conditions which were imposed, and the necessary ramifications which would result from her acceptance. The appeals examiner and commission erroneously limited their consideration to a determination whether the offer by Magnox was sincere and *bona fide* and used that as the sole criteria for determining good cause:

> In the case at hand, the Appeals Examiner can understand the claimant's reluctance in returning to work after being discharged, however, after examining and analyzing the case from the standpoint of logic and reason, the Examiner finds no evidence of an ulterior motive on the part of the employer in advancing the offer of work. The claimant's grievance had run its course and at the time the offer was made, the claimant stood disqualified from the receipt of unemployment benefits. These elements and the employer representative's apparent sincerity would lead the Examiner to conclude that this was a bona fide offer of suitable work for which the claimant was reasonably fitted by training and experience. Under these circumstances, the Examiner is of the opinion that the disqualification provided for under the aforementioned Section of the Virginia law should be applied, effective the Sunday prior to the date the refusal occurred.

Although the appeals examiner could "understand the claimant's reluctance in returning to work" neither he nor the commission gave proper consideration to the conditions which the employer attached to the offer nor did they give proper consideration to the forfeitures required of Johnson if she were required to accept the employment. Although at the time of the offer Johnson had been ruled disqualified by her misconduct for unemployment benefits, that finding was on appeal. She would have been required to concede that she was disqualified from receiving unemployment benefits. Moreover she would have been required to admit her misconduct, an issue upon which she ultimately prevailed, and forego her claim for monetary benefits. The condition that she forfeit her claim for benefits and opportunity to litigate the misconduct were, standing alone, good cause for refusing the offer. Magnox required that she accept the suspension without pay and

admit that she was discharged for insubordination and poor job performance. Although the forfeiture of her right to appeal the misconduct ruling and to claim unemployment benefits were of themselves good cause for rejecting the offer, when combined with the job offer being a demotion in classification and pay subject to one year probation, Johnson could not reasonably be required to accept the offer. Thus, although the position offered might have constituted "suitable work," the commission erred in holding that Johnson did not have "good cause" to refuse the offer.

Accordingly, we reverse the circuit court's decision and remand the case for the circuit court to vacate its judgment and enter judgment in accordance herewith, directing the VEC to determine the amount of unemployment benefits Johnson is entitled to receive.

*Reversed and remanded.*

Koontz, C.J., concurred.

Benton, J., concurring.

I join in the portions of the opinion which hold that Mary P. Johnson had good cause to refuse the job offer; therefore, I concur in the judgment reversing and remanding the appeal. For the reasons that follow, I would also hold, however, that the unskilled laborer's job that was offered to Johnson was not suitable.

In determining the suitability of offered employment, the commission is required to consider the following statutory factors: "the degree of risk involved to . . . health, safety and morals, . . . physical fitness and prior training, . . . experience, . . . length of unemployment and the accessibility of the available work from [the] residence." Code § 60.2-618(3)(b). These statutory factors must be applied to the circumstances of each case with a recognition that the issue to be determined is suitability of the offered employment, not merely ability or competency of the employee to perform the employment. *See Perfin v. Cole*, 327 S.E.2d 396, 400-01 (W. Va. 1985). Courts in other jurisdictions have held that even if the employee has experience performing the job that is offered, the job is nonetheless unsuitable when it is not commensurate with the employee's more recent training and experience. *See Hendrickson v. Northfield Cleaners*, 295 N.W.2d 384, 387 (Minn. 1980); *Unemployment Compensation Bd. of Review v.*

*Franklin & Lindsey, Inc.*, 497 Pa. 2, 6, 438 A.2d 590, 592 (1981); *In re Potvin*, 132 Vt. 14, 19, 313 A.2d 25, 28 (1973). Thus, it is generally recognized that "in determining suitability of work, prior training and experience are inevitable touchstones of deliberation." *Shay v. Unemployment Compensation Bd. of Review*, 424 Pa. 287, 290, 227 A.2d 174, 176 (1967).

The deputy who ruled in Johnson's favor appropriately determined that the significant applicable factors were that Johnson had "over eight years experience as a production worker and . . . had been unemployed only a short time." On the other hand, nowhere in either the appeals examiner's decision or the special examiner's opinion is there an application of the statutory factors. The appeals examiner merely recited the statutory factors and made a conclusory determination that "despite the difference in the type of work offered as compared to the work previously performed and the slight difference in wages, the offer of employment fulfills the statutory definition of an offer of suitable work." Thus, in overruling the deputy, the commission essentially made a decision based on ability and competence, not suitability as required by the statute. By discounting "the difference in the type of work offered," the commission failed to make a determination whether the job was commensurate with Johnson's experience and training.

Moreover, Code § 60.2-618(3)(b) mandates consideration of the "length of unemployment" as a factor in determining suitability. The short period of employment was a factor that the deputy weighed in Johnson's favor with respect to the question of suitability of the offered employment. *See* Annot. 94 A.L.R. 3d 63, 79-83 (1979). Nowhere in its decision does the commission take into account the period of time that Johnson was unemployed. The commission's failure to do so was error.

In addition, by stating that the commission shall consider the statutory factors in determining suitability, Code § 60.2-618(3)(b) does not preclude consideration of other salient factors bearing on suitability. Depending upon the attendant circumstances of each particular case, other factors may have significant bearing upon the determination whether a particular job offer is suitable. *In re Watson*, 273 N.C. 629, 634, 161 S.E.2d 1, 6 (1968). In my view, the commission was remiss in failing to consider that Magnox sought to compel Johnson to work as an unskilled laborer and at a reduction in pay, when Johnson's former position was still availa-

ble and vacant in the semi-skilled production department.

Johnson's predicament was caused by an unwarranted termination from her original employment, not by the employer's economic necessity. In discharging Johnson the employer alleged that she had engaged in misconduct. The commission determined, however, that Johnson had not engaged in misconduct as alleged by the employer. The employer's offer of a new job to Johnson with a cut in pay, with substantially less favorable working conditions and with punitive restrictions on her ability to move to other jobs, while at the same time having available and vacant Johnson's former job, was inappropriately ignored by the commission in assessing the suitability of the offered job. *See Arizona Dept. of Economic Security v. Magma Copper Co.*, 125 Ariz. 23, 26, 607 P.2d 6, 9 (1980) (reduction in pay, considered together with punitive conditions attached to the offer of new employment, made the offer unsuitable); *Dueweke v. Morang Drive Greenhouses*, 411 Mich. 670, 678, 311 N.W.2d 712, 714 (1981) (offer of work involving illegal conditions renders the offer unsuitable). These facts are significant because they evince an adverse environment in which the new employment was offered and in which Johnson would have been expected to work. Thus, I believe that these considerations rendered the job "unsuitable in light of the existing circumstances." *Farrar v. Director of Division of Employment Security*, 324 Mass. 45, 49, 84 N.E.2d 540, 543 (1949). *See also Magma Copper Co.*, 125 Ariz. at 26, 607 P.2d at 9; *Ball v. Review Board of Indiana Employment Security Division*, 149 Ind. App. 494, 494-500, 273 N.E.2d 869, 872-73 (1971).

For these reasons, I believe that the facts mandate a conclusion that the laborer's job offered to Johnson was unsuitable. Accordingly, I would also reverse the commission as to that issue.