COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HOULIHAN'S T/A DARRYL'S RESTAURANT AND
 RELIANCE NATIONAL INDEMNITY COMPANY
                                        MEMORANDUM OPINION[*]
v.   Record No. 1245-98-4                   PER CURIAM
                                         SEPTEMBER 15, 1998
JANE SLATER

        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Dawn M. Peters; Breeden, MacMillan & Green,
            on briefs), for appellants.  Appellants
            submitting on brief.

            (Manuel R. Geraldo; Robinson & Geraldo, on
            brief), for appellee.  Appellee submitting on
            brief.


        Houlihan's t/a Darryl's Restaurant and its insurer

(hereinafter referred to as "employer") appeal a decision of the

Workers' Compensation Commission ("commission") awarding Jane

Slater compensation for various time periods and holding employer

responsible for certain medical expenses.  Employer contends that

the commission erred in finding that (1) Slater did not

unjustifiably refuse selective employment located in Hampton,

Virginia after she relocated to the Washington, D.C. area; and

(2) employer was responsible for the cost of medical treatment

rendered to Slater by Drs. Hampton Jackson and William Dorn.

Finding no error, we affirm the commission's decision.

---

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

## I. Selective Employment

"When the employer establishes that selective employment was offered to an employee that was within the employee's capacity to work, the employee bears the burden of establishing justification for refusing the offered employment." Food Lion, Inc. v. Lee, 16 Va. App. 616, 619, 431 S.E.2d 342, 344 (1993). "To support a finding of justification to refuse selective employment, 'the reasons advanced must be such that a reasonable person desirous of employment would have refused the offered work.'" Id. (quoting Johnson v. Virginia Employment Comm'n, 8 Va. App. 441, 452, 382 S.E.2d 476, 481 (1989)). Furthermore, "[j]ustification to refuse an offer of selective employment 'may arise from factors totally independent of those criteria used to determine whether a job is suitable to a particular employee.'" Id.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "'If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding.'" Food Lion, 16 Va. App. at 619, 431 S.E.2d at 344 (quoting Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986)).
The commission made the following findings:

> The light-duty job which was purportedly offered [Slater] on January 21, 1997 was a position at [employer's] Hampton location,

- 2 -

and came at a time when she had already relocated to the District of Columbia. [Employer's] protestations notwithstanding, an offer of selective employment cannot "be considered in a vacuum," and, instead, "all relevant factors must be" taken into account, "including travel distance." . . . "[T]he Act does not require that an employee move his" or her "residence to accept selective employment." Such a draconian requirement "would contravene both the intent of" the Act "as well as our prior interpretations" of Virginia Code § 65.2-510 concerning selective employment. Accordingly, and even apart from the question of whether the light-duty job was approved in advance by a physician, it was unreasonable for [employer] to expect [Slater] to accept a position hours away from her new residence . . . .

(Citations omitted.).

The record contains credible evidence to support the commission's findings. As fact finder, the commission was entitled to accept Slater's testimony and to reject the testimony of employer's representative. Slater's testimony established that she moved to the Washington, D.C. area to join her husband when he became ill. She did so because she could not afford to maintain her Virginia residence and to travel to and from the Washington, D.C. area to care for her husband. Credible evidence also established that prior to offering Slater selective employment in January 1997, employer knew that Slater had moved to the Washington, D.C. area during the summer of 1996.

Under these circumstances, we conclude that Slater established "'real and substantial reasons for [her] refusal' to accept" employer's offer of selective employment. Food Lion, 16

Va. App. at 620, 431 S.E.2d at 345 (quoting Johnson, 8 Va. App. at 452, 382 S.E.2d at 481). Accordingly, the commission did not err in finding that Slater did not unjustifiably refuse selective employment.[1]

## II. Medical Treatment

"Whether the employer is responsible for medical expenses . . . depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral . . . [of] the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985).

In holding employer responsible for the cost of medical treatment rendered to Slater by Drs. Jackson and Dorn, the commission found as follows:

> Finally, [Slater], who eventually was left to fend for herself, had no choice but to arrange for her own treatment following her relocation. [Employer] provided no new panel, and it was unreasonable to expect [Slater] to travel excessive distances in order to secure care with physicians previously involved. Accordingly, the cost of [Slater's] treatment with Dr. Jackson, as well as with Dr. Dorn, Dr. Jackson's designee, is [employer's] responsibility.

Credible evidence supports the commission's findings.

---

[1]The full commission did not address whether the selective employment offered to Slater by employer was within Slater's capacity to work. Because of our holding on the justification issue, we also find it unnecessary to address that issue.

- 4 -

Slater's testimony proved that employer did not offer her a panel of physicians.  Moreover, when Slater moved to the Washington, D.C. area, employer's representative instructed her to locate a doctor in Maryland and to have her treating physician, Dr. John A. Cardea, make a referral.  Slater followed those instructions and was referred to Dr. Jackson.  Dr. Jackson's medical records establish a causal connection between Slater's compensable industrial accident and the necessary medical treatment rendered by him and Dr. Dorn.  "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding."  Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

Affirmed.