COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Willis and Bumgardner
Argued at Salem, Virginia


CAROLINE SWORD

v.   Record No. 1373-98-3

AUTOMOTIVE INDUSTRIES, INC.
and
VIRGINIA EMPLOYMENT COMMISSION

MEMORANDUM OPINION[*] BY
JUDGE JERE M. H. WILLIS, JR.
APRIL 6, 1999

FROM THE CIRCUIT COURT OF RUSSELL COUNTY
Donald A. McGlothlin, Jr., Judge

> William B. Harper, II (Client Centered Legal
> Services of Southwest Virginia, Inc., on
> briefs), for appellant.
>
> James W. Osborne, Assistant Attorney General
> (Mark L. Earley, Attorney General; William A.
> Diamond, Assistant Attorney General; Lisa J.
> Rowley, Assistant Attorney General, on brief),
> for appellee Virginia Employment Commission.
>
> No brief or argument for appellee Automotive
> Industries, Inc.


On appeal from a final judgment affirming the decision of

the Virginia Employment Commission denying her unemployment

compensation benefits, Caroline Sword contends (1) that the trial

court erred in holding that she lacked good cause to refuse the

offer of work, and (2) that the trial court abused its discretion

by considering whether she had been discharged for misconduct.

We find no error and affirm the judgment of the trial court.

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

## I.  Background

Automotive Industries, Inc., ("Automotive") employed Sword as a production worker from October 24, 1994 through June 16, 1995.  On June 16, 1995, she was discharged and began receiving unemployment benefits.  On July 13, 1995, Automotive offered Sword her previous job at the same rate of pay, $6.65 an hour.  She refused the offer and was denied further benefits, pursuant to Code § 60.2-618(3).  She appealed.  The appeals examiner ruled that she was entitled to resumed benefits.  Automotive appealed.  On behalf of the Commission, a special examiner reversed the appeals examiner's ruling.  The trial court affirmed the Commission's decision and held that Sword was ineligible for benefits.

Under Code § 60.2-625(A), "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law."  Code § 60.2-625(A).  "The [Commission's] findings may be rejected only if, in considering the record as a whole, a reasonable mind would necessarily come to a different conclusion."  Craft v. Virginia Employment Commission, 8 Va. App. 607, 609, 383 S.E.2d 271, 273 (1989).  Sword does not contend that the job offered was unsuitable.  The only issue before us is the Commission's determination that Sword lacked good cause to refuse the job.  This issue contains "mixed questions of law and fact reviewable by this court on appeal."  Johnson v. Virginia Employment Commission, 8 Va. App. 441, 447, 382 S.E.2d 476, 478 (1989).

II.  <u>Whether Sword Had Good Cause to Refuse Employment</u>

Sword argues that the conditions placed upon the job offer by Automotive were punitive and would have forced her into a position less favorable than that of a newly hired employee.

The position offered was the same job Sword had held previously, during the same shift and for the same rate of pay. Sword would, however, lose her seniority, would have no accrued vacation time, would be required to work all mandatory overtime, and could miss no days of work for sixty days, except for absences due to jury duty, death of her spouse, or a job-related injury.  At the end of sixty days, she would have accrued three vacation days.

When Automotive made the job offer, Sword asked to report late the first day of work, in order to attend the reading of a will.  Automotive refused this request, and Sword rejected the job offer.  Sword contends that she refused the job because she would lose all seniority and because she was unhappy about the handling of her last paycheck.  However, she discussed neither concern when she was offered the job, nor did she state these reasons for refusal prior to the hearings before the Commission.

Sword "has the burden to show that good cause exists for her refusal to accept suitable employment, and she must put forward real and substantial reasons for her refusal." <u>Johnson</u>, 8 Va. App. at 452, 382 S.E.2d at 481 (citation omitted).  The record supports the finding that Sword did not carry this burden.  The job offered the same type of work, at the same shift and at the same rate of pay.  Evidence showed that the average wage for an

entry level production worker at local facilities was $6.00 per hour, less than the wage offered Sword. Sword did not prove that the sixty days probation and the loss of seniority were punitive conditions. She failed to establish "real and substantial" reasons for her refusal of the job offer.

### III. Whether the Trial Court Improperly Inquired Into Misconduct

Sword next contends that the trial court improperly inquired into the reasons behind her initial discharge. She argues that she had not been discharged for misconduct and that the trial court was limited to the findings of the appeals examiner. She mischaracterizes the findings of the trial court and its consideration of her original discharge.

Within the appeals process before the Commission, each hearing is de novo, and the Commission may "affirm, modify, or set aside any decision of [the appeals examiner]." Code § 60.2-622. The final fact finder within the Commission was the special examiner, and the trial court correctly accepted the special examiner's findings of fact that were supported by the record. The record supports the special examiner's finding that Sword was discharged "for violating the employer's attendance policy."

Inquiry into the cause of Sword's dismissal was relevant in determining whether she had good cause to refuse the conditional offer of employment. "Factors that do not directly affect a job's suitability but rather are peculiar to the employee and her situation are factors which are appropriately considered as to whether good cause existed to refuse suitable employment."

- 4 -

<u>Johnson</u>, 8 Va. App. at 451, 382 S.E.2d at 481.  The fact that Sword had been disciplined for excessive absenteeism explained the employer's conditions.  Nothing in the record suggests that either the Commission or the trial court determined that Sword's discharge was due to misconduct as defined under Code § 60.2-618(2).

The record supports the finding that Sword lacked good cause to refuse the employer's offer of employment.  The conditions placed on her employment were not punitive, but remedial.  Consideration of Sword's excessive absenteeism prior to her dismissal was proper, because her absenteeism explained and justified the terms of the new employment offer.

We affirm the judgment of the trial court.

<u>Affirmed.</u>